**Alvin Grover CONNER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 19874.

United States Court of Appeals Fifth Circuit.

Sept. 19, 1963.

---

Wesley R. Asinof, Atlanta, Ga., for appellant.

Bobby C. Milam, Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before CAMERON, and WISDOM, Circuit Judges, and DeVANE, District Judge.

CAMERON, Circuit Judge.

The sole question presented by this appeal from a conviction of conspiring to violate the liquor taxing laws is whether the court below committed reversible error in refusing to grant a mistrial "because [an] answer by [a] witness placed the character and reputation of the defendant in evidence without the accused first having done so." No question is raised as to the sufficiency of the evidence to support the verdict of guilty rendered by the jury.

In answer to the prosecutor's question relating to whether the witness knew anything about the defendant before he met him, the witness, a co-conspirator but not co-defendant, answered:

"Oh, I had took it he was in the liquor business from the conversations."

The trial judge promptly instructed the jury to disregard this answer.

■ It is the general rule that an erroneous admission of evidence is cured by excluding the evidence from the consideration of the jury and directing the jurors to disregard it. Fahning v. United States, 5 Cir., 1962, 299 F.2d 579; Helton v. United States, 5 Cir., 1955, 221 F.2d 338; United States v. Simone, et al., 2 Cir., 1953, 205 F.2d 480; and

Mora v. United States, 5 Cir., 1951, 190 F.2d 749.

█ Assuming here that the statement proffered was improper, it is plain to us that the substantial rights of the defendant were not affected. His guilt is clear and error, if any occurred, was harmless. Rule 52(a), F.R.Cr.P., 18 U.S.C.A.

The judgment appealed from is affirmed