**Donald Eugene BEATTY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 8384.**

United States Court of Appeals.
Tenth Circuit.
Feb. 21, 1966.

William F. Klas, Englewood, Colo., for appellant.

James R. Ward, Asst. U. S. Atty., Kansas City, Kan. (Newell A. George, U. S. Atty., and Thomas E. Joyce, Asst. U. S. Atty., Kansas City, Kan., on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant was charged with transporting or causing to be transported in interstate commerce a forged check in violation of 18 U.S.C. § 2314. He was tried by a jury, convicted and sentenced.

The record shows that the defendant used a check drawn on a Missouri bank to purchase tires and to secure some cash at a filling station in Prairie Village, Kansas. The check was deposited by the filling station operator to his account, and was forwarded through banking channels to the Missouri bank on which it was drawn. The check blank had been stolen during the course of a burglary on the Kansas City, Missouri, offices of the Pipeline Inspection Company.

The defendant here urges that the trial court committed error in that there was insufficient evidence as to the interstate transportation of the check, as to knowledge that the check was forged, and as to his criminal intent. The defendant also urged that it was error to admit hearsay testimony as to the cashing of the check at the filling station, and further that no cautionary instructions were given as to the testimony of a witness he here asserts was an accomplice.

The defendant further assigns as error testimony given by an agent of the Federal Bureau of Investigation that the defendant had refused to provide samples of his handwriting.

As to the matter of the sufficiency of the evidence, the record shows, as indicated above, that the check in question was drawn on a Missouri bank and was given in Kansas in connection with the purchase of tires. The check was identified by an official of the Missouri bank as having been presented at such bank for payment. The witness further testified that it was not signed by an agent of the company, and that payment had been stopped upon the check for the reason that it was among blank checks stolen from the company offices of the Pipeline Inspection Company. An FBI agent testified that he questioned the defendant following his arraignment, and defendant told him that he and a witness Brewer were in Kansas City, Missouri, where a man by the name of Larrabee told them that he had some checks of the Pipeline Inspection Company which had been obtained in a burglary. Defendant also related to this witness that one of these checks was filled out by a woman friend of Larrabee, and was then taken by the defendant and Brewer to the filling station where it was cashed. According to this witness, the defendant did not relate to him who cashed the check but stated that he did not write on the check. A witness at the trial testified that the defendant entered the office of the filling station and endorsed the check with the name of Richard Larrabee. After leaving the filling station, the defendant and the witness Brewer took the tires to an undisclosed person, who paid them $20.00 for them, and the money was thereupon divided. There is in the record sufficient evidence on all the elements of the offense charged. Weeks v. United States, 313 F.2d 688 (10th Cir.); Nowlin v. United States, 328 F.2d 262 (10th Cir.); Halfen v. United States, 324 F.2d 52 (10th Cir.); Cartwright v. United States, 335 F.2d 919 (10th Cir.).

The defendant, in urging that it is necessary for the court to give an instruction as to the testimony of an accomplice, assumes that the witness Coleman was such an accomplice, but the record does not so show. The FBI agent testified that the defendant told him he understood that Coleman had received some money to cash the check, however no other reference was made to this matter during the trial and the witness Brewer testified that the defendant went into the office at the station to cash the check, but still no testimony appears to connect Coleman with the transaction other than the fact that Coleman and the witness Brewer had previously worked at the particular station at the same time. There is insufficient evidence in the record from which it may be said that the trial court committed error in failing to give an instruction relative to the testimony of an accomplice.

The hearsay testimony which the defendant asserts to have been prejudicial error was admitted when the witness, Earl Strickland III, was questioned as to a conversation which took place in the filling station. The witness was permitted to answer over the defendant's objection relative to this conversation, but it soon was developed that the defendant was not in the immediate presence of the witness. The court then promptly struck the answer of the witness, admonishing the jury to disregard the answer, and pointed out to the jury the hearsay nature of the testimony. This action by the trial judge clearly and promptly corrected the initial admission of the evidence if it was an error.

The defendant urges that it was a violation of his rights under the Fifth Amendment to the United States Constitution for the trial court to permit the FBI agent, who questioned the defendant following his arraignment, to testify that the defendant had refused to give him handwriting samples to be compared with the handwriting on the check in question. The defendant during the course of the trial did not testify and put on no witnesses. The FBI agent re-

ferred to his request for handwriting samples during the course of a somewhat lengthy statement he was making concerning his questioning of the defendant. As soon as the witness testified that the defendant declined to furnish handwriting samples, the attorney for the defendant objected. The objection, the ruling, and the ensuing statements were as follows:

> "MR. BASKA: I object, Your Honor, with respect to—he asked him what he had to say and now he is going into something which is collateral—what he did. I object to that as not responsive to the question.
>
> "MR. JOYCE: I submit that it is a part of the conversation between them. He asked him for handwriting samples.
>
> "THE COURT: Yes, I will overrule the objection.
>
> "Q (By Mr. Joyce) Did he give you handwriting samples?
>
> "A He declined to furnish handwriting samples."

The record contains no subsequent objections or motions of defendant based upon this particular point, and nowhere in the record does it appear that the objection the defendant now makes to this testimony was in any way called to the attention of the trial court.

The testimony in question came after three previous witnesses had testified that the defendant was in the filling station office at the time the tires were purchased, and after the testimony of one witness that the defendant purchased the tires and endorsed the check in his presence. The record shows that the attorney for the prosecution mentioned the testimony in his closing argument to the jury. His comment was as follows: "MR. JOYCE: Lady and Gentlemen of the Jury: You remember the FBI man on the stand, Mr. Adams, testified that he asked this defendant for handwriting specimens so he could compare his handwriting with that on the check, and the defendant refused to give him any."

Nothing more was said about the incident.

As indicated above, the objection and the point which the defendant urges in his brief were not brought to the attention of the trial court at the time the testimony was given, or at any other time. In our opinion the admission of the testimony cannot be considered to constitute such a manifest injustice as to require us to consider the matter for the first time on this appeal. Rule 52, Rules of Criminal Procedure.

In Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557, and in other cases the Supreme Court indicated the standards to be applied under these circumstances. Bihn v. United States, 328 U.S. 633, 66 S.Ct. 1172, 90 L.Ed. 1485; Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196; Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790; Rule 52(b), Rules of Criminal Procedure; Moore, Federal Practice, Criminal Rules ¶ 52.02, ¶ 52.03. When these are applied it is concluded that if there was an error it was not prejudicial.

The defendant shortly after his arraignment had told the FBI agent that he did not write on the checks, but as indicated above he also stated that the check was "prepared" which we take to mean filled out by a woman friend of Larrabee. Another witness testified that Larrabee's identification was used when the check was cashed. Larrabee was then in prison in Missouri. Thus the forgery of the check was shown by the defendant's statement, as well as by other evidence, and whether defendant actually endorsed the check is of no significance in establishing the elements of the offense. Streett v. United States, 331 F.2d 151 (8th Cir.). There was testimony as to his endorsement, as described above, but the court's instructions to the jury as to the elements of the offense, and that their consideration be limited to the particular charge adequately protected the defendant on this extraneous matter.

Affirmed.