**Hubert Marshall AARON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24559.**

United States Court of Appeals
Fifth Circuit.

July 1, 1968.

Joe Tunnell, Tyler, Tex., for appellant.

Jacob F. Bumstead, Asst. U. S. Atty., Beaumont, Tex., for appellee.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

585

WILLIAM A. McRAE, Jr., District Judge:

This appeal is from a jury conviction on all but three counts of a forty-count indictment. Appellant was convicted for willfully making false entries in bank records (18 U.S.C. § 1005), embezzlement and misapplication of bank funds (18 U.S.C. § 656).

The sole issue raised on appeal is the propriety of the prosecution's cross-examination of Appellant's first character witness, Haywood Watts. The pertinent part of the examination follows:

DIRECT EXAMINATION BY MR. TUNNELL, DEFENSE COUNSEL: (R. 783, 784)

Q. Mr. Watts, referring to the period of time that Mr. Aaron resided in Mineola; he left about five years ago the evidence shows— during the time he lived there were you acquainted with Mr. Aaron's reputation for honesty and fair dealing in that community?

A. Yes, sir.

Q. Was that reputation good or bad?

A. Good.

CROSS-EXAMINATION BY MR. BUMSTEAD, ASSISTANT UNITED STATES ATTORNEY: (R. 784–786)

Q. Mr. Watts, you testified that he had a good reputation there in the community?

A. Yes, sir.

Q. Do you know why he was asked to leave the Mineola Bank?

MR. TUNNELL: We object, Your Honor, to that as not being a proper impeachment cross-examination on this character witness. He can ask what he heard, but he can't relate * *.

THE COURT: I sustain that objection.

MR. BUMSTEAD: Very well, Your Honor.

Q. Have you heard, Mr. Watts, that Mr. Aaron was asked to resign from the First National Bank in Mineola by reason of his illicit affair with Miss Tommy Linley (phonetic)?

MR. TUNNELL: We object to this as improper questioning.

THE COURT: Sustained.

MR. TUNNELL: Not relating to the trait or character involved?

THE COURT: Sustained.

MR. TUNNELL: I ask the Court to instruct the jury to disregard it.

THE COURT: All right; you will disregard the question.

MR. TUNNELL: Your Honor, we further move for a mistrial based upon that highly inflamatory and prejudicial question of counsel.

THE COURT: Motion denied.

Character witnesses may be cross-examined to determine the credibility and accuracy of their testimony. As a general rule, however, this inquiry is limited to questions concerning knowledge of rumors involving character traits connected with the crime for which the defendant is on trial. See Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). Appellant was on trial for a crime which involved the question of his honesty and fair dealing. The direct examination of his character witness was properly limited to these areas. Rumors of an illicit affair with a woman, even if these rumors were true, were wholly immaterial to the character traits involved in this case. The question was therefore improper, and the defense objection was properly sustained.

Appellant contends that the Court should have declared a mistrial or granted his motion for new trial on the basis of this improper cross-examination. The trial judge is in the best position to determine the effect that such improper evidence may have had on the

jury, and except where there is a clear abuse of discretion in this regard a new trial will not be granted. Brown v. United States, 380 F.2d 477 (10th Cir. 1967).

 After sustaining the objection of defense counsel the trial judge promptly instructed the jury to disregard the improper question. Normally such an admonition will cure improper evidence of this kind. Beatty v. United States, 357 F.2d 19 (10th Cir.1966). This principle is applicable where substantial rights of the defendant are not affected; that is, where guilt is clear and the error is harmless. Conner v. United States, 322 F.2d 647 (5th Cir.1963).

We have carefully reviewed the testimony presented during the five days of trial and find that the substantial rights of Appellant were not affected by the prosecutor's question. His guilt is clear and the error was harmless. Fed.R. Crim.P. 52(a).

Affirmed.

GODBOLD, Circuit Judge (specially concurring):

The prosecution's effort to try the appellant as an adulterer was not confined to the testimony quoted in the majority opinion. There were repeated questions, many of them improper, going to extreme lengths, implying another illicit relationship between the appellant and a female co-defendant (not the woman referred to in the quoted testimony). The prosecution tactic was unjustified and indefensible. Nor do I have much faith in the instruction to the jury to disregard, as a ground for affirmance. For the appellate court to thus insulate the prosecutor from the effect of offers of patently illegal evidence is but an invitation to him to repeat the process in the next case.

In this case the prosecution is not saved by any curative instruction from the trial court but by the character of evidence against the appellant on the matters for which he was charged. The evidence of guilt was overwhelming, in fact many of the charges were substantially admitted by appellant in his own testimony. Thus I concur in the result on the sole ground that evidence of guilt was so great that the prosecutor's attack on the appellant's moral character, though not curable by instructions, could have had but slight effect on the jury's verdict. Kotteakos v. United States, 328 U.S. 750, 764, 66 S.Ct. 1239, 90 L.Ed. 1557, 1566 (1964).