Travis Dinsmore **BISHOP**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 9911.

United States Court of Appeals
Tenth Circuit.

July 2, 1968.

A. Daniel Rooney, Aurora, Colo., for appellant.

Thomas C. Seawell, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before PHILLIPS, HILL and HICK-EY, Circuit Judges.

HILL, Circuit Judge.

Appellant was convicted by a jury in the District of Colorado of the transportation of a stolen motor vehicle from Pueblo, Colorado, to Lawton, Oklahoma, knowing the same to have been stolen. The appeal is from the judgment of conviction.

The two contentions made by appellant may be summarized as an attack upon the sufficiency of the evidence to support the jury verdict. In other words, the case, as presented here, is purely factual.

Undisputed evidence in the record discloses that the vehicle in question, a 1964 Lincoln, was owned by Howard Whitlock. On January 10, 1967, he traded the car to the Jess Hunter Motor Company in Pueblo, Colorado. That company then performed certain repair work upon the car, after which and only a few days later, the car was placed in a fenced area where used cars were kept and which area was unlocked except at night. Appellant had previously been employed as a salesman for this motor company. Shortly after being placed in the fenced area, the car disappeared from the lot.

One government witness, Clubs, testified that he was hired by appellant during the latter part of January, 1967, to drive a used De Soto car from Colorado Springs to Oklahoma City. Bishop rode along as far as Pueblo, Colorado, where he got out and stated he was picking up another car to drive to Oklahoma where it would be sold. Clubs and Bishop met the evening of the same day at Springfield, Colorado, and Bishop was then driving a 1964 light colored Lincoln automobile. Clubs further testified that the two of them left the De Soto car at the motel in Springfield and proceeded to Oklahoma City in the Lincoln. They spent one night in Oklahoma City and then drove the Lincoln to Savannah, Tennessee, where Bishop contacted a man named Talley. For the next four or five days Talley had possession of the Lincoln most of the time. During this time the car was driven by Talley to Corinth, Mississippi, and back to Savannah, with Clubs and Bishop in the car. At Corinth Talley obtained new license

plates for the car and some "papers." Thereafter, Bishop, Talley and Clubs drove the Lincoln to Lawton, Oklahoma, and on about February 11, 1967, Talley and Bishop sold the Lincoln to one Peck, a Lawton used car dealer. On the same day Peck sold the Lincoln car to another car dealer in Lawton, in whose possession the car was found by an agent of the Federal Bureau of Investigation.

■ Specifically, appellant first urges that evidence going to guilty knowledge on his part is lacking. We certainly cannot agree. It is elementary that intent or guilty knowledge is susceptible to proof by either direct or circumstantial evidence or by both. However, in most cases as in this one, circumstantial evidence must be relied upon for proof of this important ingredient of the crime charged. The instruction given in this case on intent was an accurate statement of the law and is a complete answer to appellant's contention when considered together with the undisputed circumstantial evidence as set out above.[1] In connection with this point appellant further argues that in order to conclude from the circumstantial evidence that he had guilty knowledge or intent inference upon inference would have to be resorted to. A careful review of the undisputed evidence as reflected herein shows that there is simply no merit to this contention.

■ The sufficiency of the evidence to prove that the 1964 Lincoln automobile was stolen is also attacked. In most Dyer Act cases, no one actually sees the theft take place and circumstantial evidence and the proper inferences flowing therefrom must be relied upon to make proof that the vehicle was stolen. In this case we believe the evidence overwhelmingly proved that the Lincoln was stolen. The car belonged to and was in the possession of the Jess Hunter Motor Company in Pueblo, Colorado, and standing on one of its used car lots. The car disappeared from this lot. A short time later Bishop picked up the car somewhere in the residential section of Pueblo and drove it to Tennessee and Mississippi where new tags and evidence of ownership of the car were procured by Bishop and his co-defendant, Talley.

---

[1] "There are really two elements of intent here, I suppose. If proof of the case required that the accused himself shall have stolen it, you would have to find that he intended to convert it to his own use and to deprive the owner of his property therein. The fact, if it be a fact, that he committed the offense in conjunction with somebody else, would not in any way detract from the sufficiency of the proof as to his guilt, if he indeed did the acts that are charged herein. The other element of intent is probably crucial. All the elements are crucial. But, that is, knowledge of its stolen character. It's not necessary that the prosecution prove that he himself stole the vehicle. But, they must prove that it was stolen, and secondly, they must prove that the defendant transported it with knowledge of its stolen character. So, he would have to have actual knowledge that the car was stolen in order for him to be guilty of a violation of this statute in accordance with this charge. The element of knowledge here is based upon circumstantial evidence. There is nothing wrong with circumstantial evidence. At the same time, we usually instruct the jury that they should proceed in a guarded manner with respect to it. But, the fact that it is circumstantial doesn't prevent conviction from being based upon it.

\* \* \* \* \*

"I have indicated to you that there is an intent aspect here and also an act; the act of transportation; the intent feature that might go with the actual theft and the knowledge on the part of the accused. This is true of every alleged violation of criminal law. It consists of, generally speaking, an act and intent necessary for the prosecution to establish both of these ingredients beyond a reasonable doubt in order to succeed. Sometimes intent is—Most often it is established by what is done by acts and this is another way of saying circumstantial evidence. In other words, you deduct from action. It is sometimes said that actions speak louder than words. That's what circumstantial evidence means. It calls for deducting from an act, a result. It doesn't necesarily mean a diabolical result. In other words, sometimes the act is susceptible to an innocent result as well. But, it's up to you to finally make the determination."

They then drove the car to Lawton, Oklahoma, and sold it. Bishop had no authority from anyone connected with the Jess Hunter Motor Company to remove the car from the used car lot or to drive it anywhere. The car sold by Bishop and Talley in Lawton was identified by the identification number on the car frame as the same car that disappeared from the Pueblo used car lot.

Appellant makes other arguments here, which we have considered and find without merit. We have carefully reviewed the entire record and must conclude that the Government presented a strong case against the appellant, there were no prejudicial errors in the trial and there is no reason why the verdict of the jury and the judgment of conviction should not stand.

Affirmed.