**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Roy Carmon PRITCHARD, Defendant-Appellant.**

**No. 28000**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Oct. 9, 1969.

**328**

————◆————

James R. Venable, Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

■ We have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. See Rule 18 of the Rules of this Court and Murphy v. Houma Well Service, 5 Cir.1969, 409 F.2d 804, Part I.

Roy Carmon Pritchard was convicted on an indictment charging him (1) with the possession, sale and transportation of distilled spirits in containers not having tax stamps affixed thereto, in violation of 26 U.S.C. §§ 5205(a) (2) and 5604(a) (1), and (2) with carrying on the business of a retail liquor dealer without paying the required special tax, in violation of 26 U.S.C. § 5691(a). On April 24, 1969, he was sentenced to the custody of the Attorney General for imprisonment for a period of two years. This appeal followed.

I.

In the trial court during cross-examination Pritchard admitted that he had been convicted in 1957 for offenses in violation of Internal Revenue liquor laws. The trial judge excluded the testimony on the ground that the earlier conviction was "too remote, even for im-peachment". Defense counsel moved for a mistrial. The trial judge overruled this motion, but instructed the jury to disregard the question and answer relating to the 1957 conviction. On appeal, Pritchard contends that the trial judge abused his discretion in overruling the motion.

■■ This Court has generally held that evidence which is withdrawn from the jury with a direction by the court that it be disregarded may not be the basis of reversible error. Hill v. United States, 5 Cir. 1966, 363 F.2d 176; Conner v. United States, 5 Cir. 1963, 322 F.2d 647; Fahning v. United States, 5 Cir. 1962, 299 F.2d 579. To this general rule we have carved an exception when the character of the testimony is so prejudicial or of such an inflammatory nature that its harmful effect cannot be cured by a proper cautionary instruction to the jury. E. g., Helton v. United States, 5 Cir. 1955, 221 F.2d 338. See also F.R. Crim.P. 52(a).

■ Since the testimony concerning the earlier conviction could have been admitted for purposes of impeachment, the testimony was therefore not so prejudicial or inflammatory that it could not be cured by a jury instruction. Harris v. United States, 5 Cir. 1967, 384 F.2d 363; Patterson v. United States, 5 Cir. 1966, 368 F.2d 331. The disposition of a motion for a mistrial is within the sound discretion of the trial court. In the circumstances this case presents, the trial court did not abuse its discretion in refusing to grant a mistrial.

II.

■ Pritchard also argues that the testimony of the two "special employees" of the Alcohol Tax Division of the Internal Revenue Service who were paid $10 a day subsistence for each day they worked is not worthy of belief. Their credibility and the weight to be accorded to their testimony was a matter for the jury. Hargrove v. United States, 5 Cir. 1944, 139 F.2d 1014.

The record shows affirmatively that the special employees had no contingent fee arrangements. Nor were they paid a specific sum to convict a specific suspect. Thus, the method of payment was not the kind condemned by this Court in Williamson v. United States, 5 Cir. 1962, 311 F.2d 441. *See* United States v. Durham, 5 Cir. 1969, 413 F.2d 1003; Henley v. United States, 5 Cir. 1969, 406 F.2d 705.

The judgment is affirmed.