**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Reico Lonnie GREENE, a/k/a Reico L. Greene, Defendant-Appellant.**

**No. 470–70.**

United States Court of Appeals, Tenth Circuit.

June 1, 1971.

Edward Funston, Asst. U. S. Atty., Topeka, Kan. (Robert J. Roth, U. S. Atty., and E. Edward Johnson, Asst. U. S. Atty., Topeka, Kan., on the brief), for plaintiff-appellee.

Brian M. Bell, Denver, Colo., for defendant-appellant.

Before LEWIS, JONES,* and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Appellant, Reico Lonnie Greene, was tried and convicted on a three count indictment charging him with transporting and causing to be transported in interstate commerce three falsely made and forged securities in violation of 18 U.S.C. § 2314.[1] The securities involved are three $120.00 Travelers Express Company money orders which were completed by unauthorized persons on blank forms stolen from Gilmore Drug Store in Kansas City, Missouri, December 14, 1966. The principal issue presented on this appeal is whether the evidence is sufficient to sustain the conviction.

The trial court denied the motions for acquittal made on behalf of Greene at the completion of the prosecution's evidence (but not recorded until later), and again at the close of all the evidence. The record shows that both motions were made "pursuant to the Federal Rules" stating no grounds on which they were based. The trial court apparently treated the motions as having been timely made, raising the question of the sufficiency of the evidence to establish the essential elements of the crime charged, and we shall do likewise. Considering the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the prosecution, as we must,[2] we conclude that the evidence is sufficient to sustain the conviction.[3]

---

* Of the United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. Section 2314 reads in pertinent part:
 "Whoever, with unlawful and fraudulent intent, transports in interstate * * * commerce any falsely made, forged * * * securities * * * knowing the same to have been falsely made, forged * * * (s)hall be fined not more than $10,000 or imprisoned not more than ten years, or both."

2. Gretter v. United States, 422 F.2d 315 (10th Cir. 1970); Glazerman v. United States, 421 F.2d 547 (10th Cir. 1970), cert. denied, 398 U.S. 928, 90 S.Ct. 1817, 26 L.Ed.2d 90 (1970); Bailey v. United States, 410 F.2d 1209 (10th Cir. 1969); Hughes v. United States, 320 F.2d 459 (10th Cir. 1963), cert. denied, 375 U.S. 966, 84 S.Ct. 483, 11 L.Ed.2d 415 (1964).

3. A defendant by offering evidence after a denial of a motion for acquittal waives

The undisputed facts are that on December 14, 1966 a Kansas City, Missouri drugstore was burglarized and a metal safe containing two books of blank Travelers Express Company money orders was removed therefrom. This crime was never solved, but on April 19, 1969 three money orders from one of the books which was in the safe when stolen, appearing to be regularly issued, were cashed in Topeka, Kansas. The payee shown on these three money orders for $120.00 each was "Reico Greene" and the purchaser was shown as "Mary Greene." At the trial it was stipulated that appellant Greene endorsed these money orders and cashed them at three different places of business in Topeka. In his testimony, Greene's explanation of his possession of the money orders was of such a nature that it is not difficult to understand why the jury did not believe him. He denied any knowledge of the stolen safe, or that he had had possession of the money order books. He testified that on the morning of April 19, 1969, while on a short vacation from his work in Kansas City, Missouri, he decided to take a bus trip to Topeka, Kansas and return on the next bus from that city. He stated that while in the Kansas City bus station waiting for his bus to arrive, an unknown man and woman approached him, stating that they had observed his diamond ring and desired to purchase it. They offered him $360.00, which he said he accepted. The man then produced a book of money order forms and the lady inserted his name as payee on the three money order forms for $120.00 each, signed her name as purchaser, removed them from the money order books, delivered them to him in payment for the ring, and disappeared. Greene indicated that the purchaser's surname being the same as his was a coincidence. He said

that sometime previously he had purchased the ring in Kansas City from a man named Dan for $10.00. When interviewed prior to trial by an agent of the F.B.I., Greene stated that he had purchased the ring in St. Louis, Missouri from a man whose name he could not recall, for $50.00. He also testified that he had had the ring appraised and had been advised that its value was more than $2,000.00.

Greene testified that upon arrival in Topeka about noon he decided to cash the money orders there and for that purpose went to businesses in different parts of the city. He explained that he gave a fictitious Topeka address because he understood that anyone cashing money orders of this kind preferred to cash them for local residents. After receiving the cash for the money orders, Greene immediately returned to Kansas City by bus, leaving Topeka about three o'clock in the afternoon.

 It is argued that these facts are insufficient to show necessary criminal intent. To sustain the conviction of Greene it was necessary for the prosecution to prove beyond a reasonable doubt that he knew the money orders were falsely made or forged when he negotiated them. Pauldino v. United States, 379 F.2d 170 (10th Cir. 1967); Halfen v. United States, 324 F.2d 52 (10th Cir. 1963); Weeks v. United States, 313 F.2d 688 (10th Cir. 1963), cert. denied, 373 U.S. 922, 83 S.Ct. 1523, 10 L.Ed. 2d 421 (1963). This knowledge or criminal intent may be inferred from circumstantial evidence. Bishop v. United States, 396 F.2d 762 (10th Cir. 1968); United States v. Metcalf, 388 F.2d 440, 443 (4th Cir. 1968); United States v. Leggett, 292 F.2d 423 (6th Cir. 1961), cert. denied, 368 U.S. 914, 82 S.Ct. 194, 7 L.Ed. 2d 131 (1961). In United States v.

that motion and thereafter the question of the sufficiency of the evidence to sustain a conviction is to be determined by an examination of the entire record. Fed. R.Crim.P. 29(a) ; 2 Fed.Pract. & Proc. § 463 (C.A. Wright ed. 1969) ; United States v. Calderon, 348 U.S. 160, 164, 75

S.Ct. 186, 99 L.Ed. 202 (1954) ; Lucas v. United States, 355 F.2d 245 (10th Cir. 1966), cert. denied, 384 U.S. 977, 86 S.Ct. 1873, 16 L.Ed.2d 687 (1966) ; Hughes v. United States, 320 F.2d 459 (10th Cir. 1963), cert. denied, 375 U.S. 966, 84 S.Ct. 483, 11 L.Ed.2d 415 (1964).

Ebey, 424 F.2d 376, 378 (10th Cir. 1970), the court stated:

> "Generally, the issue of criminal intent is a factual question peculiarly within the province of the jury. (Citing a case.) It is seldom provable by direct evidence but may be inferred from all the facts and circumstances of a case which reasonably tend to show a mental attitude. (Citing cases.)"

In a similar case, we said:

> "* * * (T)he requisite intent exists where one obtains money or something of value in exchange for a check which he knows to be forged and which is drawn upon, and must be forwarded for collection to, a bank in another state."

Kreuter v. United States, 376 F.2d 654, 658 (10th Cir. 1967), cert. denied, 390 U.S. 1015, 88 S.Ct. 1267, 20 L.Ed.2d 165 (1968). Greene admits receiving the proceeds from the bogus money orders. From all the circumstances the jury was free to infer the necessary criminal knowledge or intent. Beatty v. United States, 357 F.2d 19 (10th Cir. 1966).

■■ Greene complains that in one of its instructions the court failed to refer to the necessity of proving an essential element of the offense charged, namely, unlawful and fraudulent intent.[4] There were no timely objections to the instructions. While we are not required to review the instructions thus accepted by counsel before the jury retired, Fed. R.Crim.P. 30, we have examined them and believe that as a whole they adequately and fairly charge the jury on all the essential elements of the crimes charged. The jury was adequately charged on the government's burden to prove beyond a reasonable doubt all the essential elements of the offense;[5] the court outlined the essential elements and included transporting or causing to transport "with an unlawful or fraudulent intent * * *."[6]

We have reviewed other assignments of error and find them to be without merit.

Affirmed.

---

4. Instruction No. 23 reads:
"If you find beyond a reasonable doubt that defendant Greene cashed or negotiated the money order described in either count of the Indictment, in the State of Kansas, that such money order was falsely made; that he knew it had been falsely made; that having been drawn on a financial institution in Minnesota, it was, in the ordinary course of business transported from Kansas to Minnesota, then you will find the defendant guilty of the count in which that money order is described in the Indictment. However, if the government has not sustained its burden of proof as to all the elements of the offense charged in any count, then it is your duty to acquit the defendant on that count."

5. Instruction No. 4 reads:
" * * * The Government must prove beyond a reasonable doubt, before a verdict of guilty can be returned, all of the essential elements of the crimes charged. If the Government does not discharge its duty or burden of proving the Defendant guilty, beyond a reasonable doubt, with respect to the crimes charged, then it will be your duty to find the defendant not guilty with respect to such crimes. * * * "

6. Instruction No. 6 reads:
"The essential elements required to be proved in order to establish the offenses charged in the Indictment are as follows:
*First*: The act or acts of transporting or causing to be transported with an unlawful or fraudulent intent,
*Second*: in interstate commerce a falsely made or forged security, and
*Third*: knowing the same to have been falsely made or forged.
"As stated before, the burden is upon the prosecution to prove beyond reasonable doubt every essential element of the crimes charged."