446 F.2d 1385
 UNITED STATES of America, Defendant-Appellee,
v.
Samuel Atkinson KIDD, Plaintiff-Appellant.
No. 30843 Summary Calendar.*
*(1) Rule 18, 5th Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 June 17, 1971.
 
 Clyde Henly, Hardaway Young, III, Decatur, Ga., for plaintiff-appellant.
 John W. Stokes, Jr., U.S. Atty., J. Owen Forrester, Asst. U.S. Atty., Atlanta, Ga., for defendant-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from appellant Kidd's jury conviction for conspiring to cause forged and falsely made securities to be transported in interstate commerce in violation of 18 U.S.C.A. 371, 2314. Only one point of error is raised, i.e., that the trial court erred in overruling appellant's motion for mistrial made on account of a particular witness' testimonial references to appellant's 'character.' The two allegedly prejudicial statements, following one after the other, were as follows: On direct examination by the Government, the witness was asked, 'Did you see or hear from Mr. Kidd thereafter?' The witness replied, 'Yeah, after I got arrested, I called him at his place of business and we just talked in general about me being arrested and him being arrested in Cobb County.' (Transcript at 34). The very next question asked the witness by the Government attorney was, 'Did you have any conversation with the defendant about the checks in question here or about passing the checks at that time?' The witness answered, 'He offered to make me some, the same deal he made to Johnson, was his statement, and he talked about being arrested in Birmingham.' (Transcript at 35). It is to the witness' references to appellant's arrests that objection is made.
 
 
 2
 After both these statements the appellant's attorney objected and moved for a mistrial. Both times the motions for mistrial were denied. Immediately following the second reference to appellant's arrest, however, the trial judge instructed the jury as follows:
 
 
 3
 Ladies and Gentlemen of the Jury, that statement made by Mr. Karras will go out. You are so admonished to disregard the statement.
 
 
 4
 This specific admonition to the jury to disregard the statement had been preceded by the following general preliminary instructions to the jury:
 
 
 5
 The defendant is not on trial for any act or conduct not alleged in the indictment. If any objection to a question is sustained by the court, or any evidence is ordered stricken by the court, the jury must disregard the question of the evidence entirely and may draw no inference from the wording of the question, or speculate what a witness would have answered, or to speculate why evidence was ordered stricken.
 
 
 6
 We have examined this Record carefully and have concluded that the trial judge's instruction to the jury was sufficient to cure any prejudice that may have resulted from the witness' utterances of the questioned statements. We note that it was immediately after the second statement that the trial judge interposed his instruction. As a general rule, this Court has stated that evidence withdrawn from the jury with a direction by the court that it is to be disregarded may not be the basis of reversible error. United States v. Pritchard, 5th Cir. 1969, 417 F.2d 327, 328. Only in cases in which the remark is so highly prejudicial as to be incurable is the trial court's instruction considered insufficient. Our review of this case indicates that, in the context of the whole trial below, these two remarks did not prejudice the appellant. As indicated by Leonard v. United States, 5th Cir. 1967, 386 F.2d 423, a reference to a prior arrest does not absolutely connote guilt. In this case, moreover, as in Leonard, the references were volunteered inadvertently, and were not provoked by the Government attorney's questioning. The evidence against appellant in this case was easily sufficient to support the jury verdict he received. We therefore affirm.
 
 
 7
 Affirmed.