**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Dalton PRICE, Defendant-Appellant.**

**No. 71–2018.**

United States Court of Appeals,
Fifth Circuit.

March 16, 1972.

Donald M. Briskman, Mobile, Ala. (court appointed), for defendant-appellant.

Charles S. White-Spunner, U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

John Dalton Price appeals his jury conviction for possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. §§ 5861(d) and 5871. Having found that the error complained of was cured by the court's subsequent instruction to the jury, we affirm the conviction.

On February 1, 1970, at approximately 4:00 A.M., Price was a passenger in a red Mustang automobile which was traveling at a high rate of speed on the streets of Mobile, Alabama. Police officers for the City of Mobile gave chase and when they stopped the automobile the driver, Jerald William Switzer, voluntarily got out of the vehicle. As he did so, one of the officers looked into the vehicle and observed the barrel of a shotgun protruding from under the driver's seat and into the rear floorboard area. The officer removed the shotgun from the automobile and found one twelve gauge shotgun shell in the cham-

ber. Switzer was then placed under arrest and taken to the patrol car.

At this time Price was slumped over and asleep in the right front seat. When the officers approached the right side of the automobile and awakened Price, he immediately grabbed a tire tool from the rear floorboard. The officers wrested the tire tool from Price and removed him from the automobile and searched him. In Price's pocket the officers found a shotgun shell which was identical in every respect to the shotgun shell previously found in the sawed-off shotgun.

Both Price and Switzer were indicted and tried jointly before a jury for possession of the illegal weapon. The jury acquitted Switzer but found Price guilty of possessing the shotgun.

The sole issue on this appeal concerns a colloquy between the district judge and the jury after the jury had deliberated for about fifty minutes. The jury returned to the courtroom and requested the court to tell them who owned the Mustang. In pertinent part the court replied as follows:

> "I will remind you that the only evidence we have as to the ownership of the car was by Mr. Switzer. And in substance, as I recall Mr. Switzer's testimony, was that the car belonged to a friend of Mr. Price. And I believe he said a girlfriend, but I am not sure. After you discuss it I hope you will recall what the evidence is yourself. That's the only evidence we have as to the ownership of the car, as I recall. I am trying to focus what I recall and help to stir your memory up on it."

The court then instructed the jury not to deliberate "until you hear further from me".

After the jury retired under instruction not to deliberate, the court discovered that evidence concerning the ownership of the Mustang automobile had not been brought before the jury during the trial.[1] The judge then called the jury back into the courtroom and gave the following instruction:

> "Ladies and Gentlemen, before you say anything, with reference to a question that you asked me awhile ago I want to make some modifying and clarifying statements, then I want you to go back to the jury deliberation room and discuss whatever you are going to do in the light of what I tell you now. You asked me about who owned the car, and I told you that in substance that there was evidence that the car belonged to a friend of Mr. Price. As I recall it was his girlfriend. I want to change that, and I want you to erase that from your mind altogether. I have gone back and reviewed the record, and in substance, this is what the record indicates—trying to put it together—that on that night Mr. Price had a Thunderbird which he was driving at some period of time. Mr. Switzer testified that at some period of time that night that Mr. Price left the Thunderbird at a motel and got in the driver's side of the Mustang. Mr. Switzer testified that he did not believe that Mr. Price owned the car. Mr. Switzer also testified that Mr. Price asked Mr. Switzer to drive the car. Now, the only—I say the only—the only reference to the girlfriend and the cars that I find in the testimony is that Mr. Switzer testified that Mr. Price's girlfriend got sick and she couldn't drive, and that Mr. Price drove her home and Mr. Switzer followed. So that's the only testimony with reference to whether Mr. Price owned the car and with reference to the girlfriend or any other friend in the ownership of the car. Now, I want you to go back to the jury deliberation room and don't say anything at all, and consider what I have said in the light of what you are going to do."

1. Actually, the testimony that the Mustang belonged to Price's girlfriend had come out in an *in camera* hearing in the judge's chambers.

After receiving this instruction the jury began deliberations again and returned a verdict of guilty as to Price.

Price contends that the trial court's statement that his girlfriend owned the automobile directed a verdict on the issue of ownership and prejudice the jury's verdict against him. However, this argument rests on the specious assumption that the jurors who heard the case were incapable of understanding and obeying the court's subsequent instruction to disregard the earlier statement concerning the ownership of the vehicle. While it is not recommended procedure for the trial judge to comment to the jury on the evidence, we hold that the error complained of was harmless and that it was fully cured by the judge's later instruction. See Baker v. United States, 5 Cir. 1946, 156 F.2d 386; United States v. Pritchard, 5 Cir. 1969, 417 F.2d 327; Conner v. United States, 5 Cir. 1963, 322 F.2d 647.

Accordingly, the judgment of the district court is hereby

Affirmed.