UNITED STATES of America, Plaintiff-Appellee,

v.

Dora SMITH, Defendant-Appellant.

No. 75–1492

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1975.

William F. Alexander, Joseph Montemayor, Dallas, Tex., for defendant-appellant.

Frank D. McCown, U. S. Atty., Ft. Worth, Tex., Judith A. Shepherd, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from Dora Smith's jury conviction for being an accessory after the fact by knowingly receiving proceeds of a bank robbery, exchanging the money into bills of a large denomination, and concealing the money, for the purpose of hindering and preventing the apprehension and the prosecution of the

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

robbers in violation of 18 U.S.C.A. § 3. Only one point of error is raised, i. e., that the trial court erred in denying Smith's motion for mistrial made on account of an unresponsive hearsay answer of Mary Lopez, the chief government witness. We affirm.

Dora Smith was the wife of one of the three bank robbers and was fully implicated by the testimony of Lopez. On cross-examination Lopez was closely questioned with reference to her motive for testifying against Smith, extra-marital relationships, arrest record, and the reason she waited for one and a half years following the robbery, when she was arrested on a state charge, to tell her story to the police. On re-direct, after Lopez denied that she hated Smith, the following took place:

> "Q. Could you tell the ladies and gentlemen of the jury—here going into this conversation that you had with Sgt. Hurd [a police officer] and with Mr. Gee [of the F.B.I.] that he has gone into, now—

> Would you tell the ladies and gentlemen of the jury why you are testifying against the Smith brothers and Frank Patman and—"

Objection was made by defense counsel that this called for an exculpatory, self-serving hearsay answer. The objection was overruled. The prosecutor then asked:

> "Q. Could you tell us why?

> A. Sgt. Hurd had told me that he believed they had shot a man—"

Upon objection the court said, "I am going to sustain the objection and instruct the jury to disregard that statement for all purposes in this trial. You are not to consider that nor base any verdict upon that statement, Ladies and Gentlemen. I am going to sustain the objection to that line of questioning and, Ladies and Gentlemen, I am going to instruct you again that you are not to base any verdict on that statement made by the witness and you are not to consider that statement for any purpose at all."

Defense counsel moved for a mistrial which was denied. Under the circumstances we think the trial court exercised sound discretion in the action it took. United States v. Pritchard, 5 Cir. 1969, 417 F.2d 327. As a general rule we have stated that evidence withdrawn from the jury with a direction by the court that it is to be disregarded may not be the basis of reversible error. United States v. Troise, 5 Cir. 1973, 483 F.2d 615, cert. denied, 414 U.S. 1066, 94 S.Ct. 574, 38 L.Ed.2d 471; United States v. Kidd, 5 Cir. 1971, 446 F.2d 1385; Hill v. United States, 5 Cir. 1966, 363 F.2d 176; Conner v. United States, 5 Cir. 1963, 322 F.2d 647, cert. denied, 1964, 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 178. Only in cases where the remark is so highly prejudicial as to be incurable by the trial court's admonition is the instruction considered insufficient. This is not such a case. A careful review of the totality of the evidence convinces us that the unresponsive answer of Lopez did not have such a prejudicial effect on the mind of the jury that it could not and was not totally cured by the court's cautionary instruction. The evidence against Smith was easily sufficient to support the jury verdict.

Affirmed.