**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Wesley MARZETT,**
**Defendant-Appellant.**

**No. 75–3109**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1976.

Christopher G. Hume, III, Mobile, Ala. (Court-appointed), for defendant-appellant.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Charles S. White-Spunner, U. S. Atty., William R. Favre, Jr., Edward J. Vulevich, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

In this direct criminal appeal, appellant John Wesley Marzett challenges his conviction for possessing an unregistered sawed-off shotgun in violation of 26 U.S.C. §§ 5861(d) and 5871. He contends that the trial court erred (1) in failing to suppress the gun and an incriminating statement which were obtained prior to being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and (2) in reading to the jury a second count in his indictment which contained a recitation of two prior felony convictions and which was dismissed prior to trial but after the indictment was read to the jury.

On November 11, 1974, police officers were called to the Booker T. Washington Guest House in Mobile, Alabama to investigate a situation which reportedly involved a disorderly person with a gun or an assault with a gun. The first officer to arrive was approached by a man standing at the front door of the Guest House, who pointed down the street at Marzett saying, "That is the man you want." The police officer, who apparently knew appellant on a first-name basis, approached him and asked, "Where is the gun, John?" The appellant told the officer the gun was hidden in a trash pile behind the Guest House, whereupon the officer accompanied Marzett to the trash pile and seized the gun as evidence. After reviewing the circumstances in this case, we conclude that the officer's question did not constitute custodial interrogation within the meaning of *Miranda,* and that ac-

cordingly the *Miranda* warnings were not required at the time Marzett answered the question which provided the information leading to the seizure of the gun. *See United States v. Carollo,* 5 Cir., 1975, 507 F.2d 50; *United States v. Pridgen,* 5 Cir., 1970, 435 F.2d 152.

The indictment was read to the jury at the time it was empanelled, two weeks prior to the commencement of trial. At that time, it contained two counts, the second of which charged Marzett with possession by a convicted felon of a firearm transported in interstate commerce in violation of 18 App. U.S.C. § 1202(a)(1). This count was joined properly and in good faith, but was subsequently dismissed because the prosecution had inadvertently failed to make available to the defense the report of an expert whose testimony was to establish that the sawed-off shotgun was transported in interstate commerce. Thus, no error was committed at the time the indictment was read, since it is permissible for a trial judge to read an indictment listing prior criminal offenses where those offenses are elements of the crime charged. *Willis v. Smith,* 5 Cir., 1970, 434 F.2d 1029, *cert. denied sub nom. Willis v. Dutton,* 403 U.S. 932, 91 S.Ct. 2261, 29 L.Ed.2d 711 (1971); *Williams v. Beto,* 5 Cir., 1966, 354 F.2d 687. The fact that the second count was later dismissed did not retroactively transform the judge's permissible conduct into reversible error. Because the second count was dropped prior to trial, no evidence of any prior convictions of the defendant was offered by the Government. At the conclusion of the defendant's case, the judge instructed the jury that the indictment was not evidence and that the second count was not to be considered. Any possible error flowing from the reading of the second count two weeks earlier was cured by these instructions. *See Kroll v. United States,* 5 Cir., 1970, 433 F.2d 1282, *cert. denied,* 402 U.S. 944, 91 S.Ct. 1616, 1618, 1619, 29 L.Ed.2d 112 (1971); *Conner v. United States,* 5 Cir., 1963, 322 F.2d 647.

Affirmed.