[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10409

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RODERICK CHESTER,
a.k.a. C-Rod,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:20-cr-00020-MTT-CHW-2

_____

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Roderick Chester appeals his convictions for possession of a firearm by a convicted felon, conspiracy to possess with intent to distribute methamphetamine, and distribution of methamphetamine. We denied his appointed counsel's *Anders* motion and ordered briefing on two issues: (1) whether the evidence was sufficient to support Chester's conviction for possession of a firearm by a convicted felon, and (2) whether the district court abused its discretion by denying Chester's motion for a mistrial based on a witness's statement that Chester had a pending murder charge in state court. We now address the merits of his appeal and, finding no error, affirm Chester's convictions.

**I.**

We review a challenge to the sufficiency of the evidence supporting a conviction de novo, viewing the evidence in the light most favorable to the government. *United States v. Azmat*, 805 F.3d 1018, 1035 (11th Cir. 2015). We will affirm a conviction "unless there is no reasonable construction of the evidence from which the jury could have found the defendant guilty beyond a reasonable doubt." *Id.* (quotation omitted).

To prove a violation of § 922(g)(1), the government must show that (1) the defendant knowingly possessed a firearm or ammunition, (2) the defendant was a felon, (3) the defendant knew

that he was a felon, and (4) the firearm or ammunition was in or affecting interstate commerce. *United States v. Green*, 873 F.3d 846, 852 (11th Cir. 2017); *United States v. Elysee*, 993 F.3d 1309, 1345 (11th Cir. 2021). On appeal, Chester challenges only the first element—knowing possession.

Possession of a firearm can be either actual or constructive. *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011). The government proves constructive possession by showing "that the defendant (1) was aware or knew of the firearm's presence and (2) had the ability and intent to later exercise dominion and control over that firearm." *Id*. Constructive possession can be proved through either direct or circumstantial evidence. *Id*.

After a lawful traffic stop and search, police discovered a handgun and some loose marijuana on the front bench seat of Chester's truck, under a folded-down center armrest. Chester was driving the truck at the time, with his wife in the front passenger seat. Chester argues that the government introduced no evidence at trial showing either that he knew of the firearm's presence or that he intended to exercise control over it.

These arguments are unsuccessful. Constructive possession of a firearm can be proved through circumstantial evidence. We have repeatedly held that a defendant's ownership of or control over a vehicle is sufficient evidence for a rational juror to infer both a defendant's knowledge of a firearm found within the vehicle and his intent to exercise control over it. *See, e.g., United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014); *United States v. Wright*,

392 F.3d 1269, 1273–74 (11th Cir. 2004); *United States v. Gunn*, 369 F.3d 1229, 1234 (11th Cir. 2004). The jury was permitted to make the same inferences here—Chester was driving the vehicle when the police found the handgun next to the driver's seat. And the fact that Chester's wife was also present does not change our calculus— a defendant's possession can be either exclusive or "in association with others." *United States v. Cabezas-Montano*, 949 F.3d 567, 596 (11th Cir. 2020).

## II.

We review a district court's denial of a motion for a mistrial for abuse of discretion. *Wright*, 392 F.3d at 1274. "It has long been the settled rule in this Circuit that error in the admission of evidence under most circumstances may be cured by withdrawing the evidence from the jury's consideration and instructing the jury to disregard it." *United States v. Troise*, 483 F.2d 615, 618 (5th Cir. 1973); *see also United States v. Gallardo*, 977 F.3d 1126, 1138 (11th Cir. 2020) ("When the district court gives a curative instruction, we presume that the jury followed it."). Therefore, if the district court gives a curative instruction in response to a prejudicial statement made to the jury, we will reverse "only if the evidence is so highly prejudicial as to be incurable by the trial court's admonition." *United States v. Delgado*, 321 F.3d 1338, 1346–47 (11th Cir. 2003) (quotation omitted). This requires "a reasonable probability that, but for the remarks, the outcome of the trial would have been different." *United States v. Newsome*, 475 F.3d 1221, 1227 (11th Cir. 2007).

At Chester's trial, in response to an unrelated question from the prosecution, one of the government's witnesses mentioned that she saw online that Chester "was booked for murder in Bibb County." After a brief sidebar, both parties and the district court agreed that "instead of dwelling on" the statement then, they would move on to avoid drawing further attention to it by the jury. Then, after the close of evidence, the district court gave the jury a curative instruction, telling them that the witness was "mistaken," that there was "no evidence or contention here that Mr. Chester was involved in anything like that," and that they "must completely disregard" the statement.

The district court did not abuse its discretion by denying Chester's motion for a mistrial. *United States v. Newsome* is instructive. There, the government itself told the jury in its opening statement that the defendant—charged only with possessing a firearm as a convicted felon—had allegedly shot his wife. 475 F.3d at 1223. The district court instructed the jury that the lawyer's statement was not evidence and denied the defendant's motion for a mistrial. *Id.* This Court affirmed, reasoning that after the curative instruction, "the prosecutor's single statement did not inflict the kind of prejudice necessary to warrant a mistrial" and that the defendant could not "show a reasonable probability that the outcome would have been different absent the prosecutor's statement." *Id.* at 1227; *see also United States v. Smith*, 517 F.2d 710, 711 (5th Cir. 1975) (affirming denial of a mistrial after the district court instructed the jury to ignore a

witness's hearsay statement that the defendant's co-conspirator "had shot a man").

Here, the offending statement was made a single time in passing and, when the record is viewed as a whole, was clearly not a significant or material part of the overall trial. There was also significant independent evidence supporting Chester's three convictions. Therefore, after the district court properly instructed the jury to disregard the witness's statement, we are confident that it did not carry a substantial prejudicial effect and that Chester cannot show a reasonable probability that the outcome would have been any different even if it had not been made.

★    ★    ★

**AFFIRMED.**