FILED
United States Court of Appeals
Tenth Circuit

November 14, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEFFREY DAVID SUTTON,
a/k/a Jeffrey Sutton,

    Defendant - Appellant.

No. 23-5135
(D.C. No. 4:22-CR-00007-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **McHUGH, and FEDERICO**, Circuit Judges.

_____

Mr. Jeffrey David Sutton was convicted of two offenses in Indian country:

- assault with a dangerous weapon with intent to inflict bodily harm and

- discharge of a firearm during a crime of violence.

---

[*]    The parties did not request oral argument, so we have decided the appeal based on the record and the appeal briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

*See* 18 U.S.C. §§ 113(a)(3), 924(c)(1)(A)(iii).[1] Mr. Sutton appeals, arguing that the evidence of guilt was insufficient. We affirm, concluding that the factfinder could reasonably find guilt based on the evidence.

**1.    We review the evidence under a deferential standard.**

We conduct de novo review. *United States v. Gabaldon*, 389 F.3d 1090, 1094 (10th Cir. 2004). Under this standard, we view the evidence in the light most favorable to the government. *United States v. Delgado-Uribe*, 363 F.3d 1077, 1081 (10th Cir. 2004). With this view of the evidence, we determine whether any reasonable jury could have found guilt. *See United States v. Gabaldon*, 389 F.3d 1090, 1094 (10th Cir. 2004).

**2.    The factfinder could reasonably find that Mr. Sutton had intended to harm his girlfriend.**

The charged offenses required an intent to inflict bodily harm. 18 U.S.C. §§ 113(a)(3), 924(c)(1)(A)(iii). Intent is a factual question "peculiarly within the province of the jury," and the factfinder can use direct and circumstantial evidence to assess intent. *United States v. Greene*, 442 F.2d 1285, 1287–88 (10th Cir. 1971) (citation omitted).

Mr. Sutton's girlfriend testified that

---

1.    Mr. Sutton was acquitted on a charge of assault with intent to murder, but this charge is not at issue.

- Mr. Sutton had fired a gun at their television and then shot her as she entered the house,

- Mr. Sutton had followed her to the bathroom where she was hiding and shot through the bathroom door,

- she had fled to a neighbor's house and hid in a closet, and

- Mr. Sutton had followed her and said that he was there to kill her.

Mr. Sutton insists that the girlfriend's account was unbelievable. We reject this argument because we don't weigh the evidence. *United States v. Garcia*, 74 F.4th 1073, 1117 (10th Cir. 2023) (per curiam).

The jury could reasonably have credited Mr. Sutton's girlfriend's account based on other evidence. For example, a neighbor testified that she had heard

- Mr. Sutton arguing with his girlfriend and

- three subsequent bursts of gunfire, including one burst after the girlfriend had entered Mr. Sutton's house.

Mr. Sutton acknowledged that he had fired shots through the storm door. And a law-enforcement officer testified that Mr. Sutton had complained: "[T]he bitch was trying to kick me out." Appellant's App'x vol. I, at 77–78. The factfinder could reasonably view this evidence as support for the girlfriend's testimony, and that testimony could reasonably lead a jury to find an intent to cause bodily harm.

We thus affirm the convictions.

Entered for the Court


Robert E. Bacharach
Circuit Judge