John M. LEONARD, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24625.

United States Court of Appeals
Fifth Circuit.

Dec. 5, 1967.

**424**

Louis Glick, Miami. Fla., for appellant.

Michael J. Osman, J. V. Eskenazi, Asst. U. S. Attys., Miami, Fla., for appellee.

Before COLEMAN and GOLDBERG, Circuit Judges, and HANNAY, District Judge.

PER CURIAM:

John M. Leonard was convicted by a jury of violating the Dyer Act, 18 U.S. C.A. § 2312 [1] by transporting a 1965 Plymouth Valiant from Washington, D. C., to Miami, Florida, knowing the car to be stolen. He was sentenced to two years imprisonment. Leonard seeks reversal on two grounds: (1) insufficiency of the evidence and (2) an irrelevant and incriminating statement by a witness. We reject both contentions and affirm.

The evidence viewed most favorably to the government, Glasser v. United States, 1941, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704, shows that Leonard rented a 1965 Plymouth Valiant from the Econo Car lot in Washington, D. C., during the summer of 1965. On February 15, 1966, the general manager of the lot noticed that the car was missing although the keys were still in his office. He reported the theft to the police, describing the car by make, year, serial number, and license tag number. Three days later Leonard was issued a traffic summons in Miami, Florida, while driving a car of the same description. A subsequent investigation of the car disclosed no evidence that it had been hot-wired. This evidence demonstrates that within a few days the car was moved from Washington to Miami and that such moving was unauthorized. Leonard was found in possession of the car in Miami immediately after its absence was noticed, and he is connected further by his access and potential opportunity after 1965 to effect a taking without hot-wiring. We conclude that "the jury might have excluded every hypothesis except guilt be-

---

1. § 2312. Transportation of stolen vehicles
 Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

**425**

yond a reasonable doubt." Odom v. United States, 5 Cir. 1967, 377 F.2d 853, 855. See also Beufve v. United States, 5 Cir. 1967, 374 F.2d 123, 125 and Yielding v. United States, 5 Cir. 1949, 173 F.2d 46.

The statement to which Leonard objects occurred while the prosecuting attorney was questioning Anna Lee Slawson, manager of a Miami hotel. Leonard had been a guest in her hotel after receiving the traffic summons, and Miss Slawson's testimony connected him with a receipt for payment of that summons. The following dialogue transpired while the prosecuting attorney was attempting to establish the period of Leonard's lodging:

"Q. How long did he remain?

A. My notation said that he was arrested on 6/8 * * *

The Court: Just a moment.

Defense Counsel: Just a moment, Your Honor, I am going to move for a mistrial.

The Court: I will deny the motion. But let me say to you, members of the jury, that any reference to an arrest is to be completely disregarded by you. It has nothing to do with this particular matter that you are now asked to decide, so I direct that you disregard this completely."

The questioning proceeded with no further mention of the unrelated arrest.

■ The Constitution does not require error-free trials; it requires fair trials. The distinction is vital as long as human beings participate, and it is formally recognized in Fed.R.Crim.P. 52(a):

"Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

See also Johnson v. United States, 1943, 318 U.S. 189, 202, 63 S.Ct. 549, 87 L.Ed. 704 (concurring opinion by Justice Frankfurter) and Baker v. United States, 5 Cir. 1946, 156 F.2d 386, 388–389.

In Odom v. United States, 5 Cir. 1967, 377 F.2d 853, 859–860, we recognized that a witness' mention of an unrelated arrest could be reversible error, in fact even plain error.[2] In Odom, however, the testimony was gratuitously offered by a police sergeant who stated that Odom had been "in and out of jail * * * for approximately a year and a half." We felt that this "jailhound" testimony could have been responsible for convicting Odom, whose defense seemed at least as strong as that of a co-defendant whom the jury had acquitted. 377 F.2d at 860.

■ In the case at bar the statement under attack was made by a disinterested witness. The volunteered words were not responsive to the question, nor could they be anticipated by the prosecuting attorney. This was unprovoked inadvertence. Moreover, when we view Miss Slawson's statement in context with the trial, we must reject escalating the words to interdicted status. Unlike Odom, the arrest here could have been for a minor offense or without cause; the word "arrest" does not absolutely connote guilt. The evidence against Leonard was convincing and even on appeal is challenged by mere trivial inconsistencies. The mention of arrest added nothing to the case and cannot be compared with "jailhound" testimony in a case where criminal intent was a contested issue.

In Odom we questioned the efficacy of a judge's admonition to the jury not to consider improper testimony, stating in part:

"The judge's words were here at most a mild antiseptic with no prognostic or retrospective assurance that they eliminated the sepsis." 377 F.2d at 859.

While we cannot be certain beyond doubt that the sepsis in Miss Slawson's testimony can be entirely cured, a mild remedy, as in the case of the common cold, could alleviate its disabling effects. We conclude that the trial judge was correct in attempting to cure the error in trial rather than granting a mistrial. See Brown v. United States, 10 Cir. 1967, 380 F.2d 477 and Conner v. United States, 5 Cir. 1963, 322 F.2d 647.

Affirmed.

2. Fed.R.Crim.P. 52(b): "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."