**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Pedro Pablo BARCENAS, Defendant-
Appellant.**

**No. 73-3575.**

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1974.

Charles Farrar, Coconut Grove, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Kerry J. Nahoom, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before DYER and MORGAN, Circuit Judges, and KRAFT, District Judge.

KRAFT, District Judge:

This appeal by Pedro Pablo Barcenas (Barcenas) stems from his conviction, together with Chambless and Suarez, of possession of cocaine with intent to distribute and of distribution of cocaine on July 31, 1972, upon the first two counts of a four-count indictment. 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2. The last two counts charged only Chambless and one Chiong with like offenses on September 6, 1972.

Chambless entered a guilty plea during the trial. The jury found Barcenas and Suarez guilty on Counts 1 and 2 and Chiong guilty on Counts 3 and 4. Suarez and Chiong filed timely appeals, which resulted in affirmance of the conviction of Suarez and reversal of Chiong's conviction, because of insufficient evidence. United States v. Suarez,[1] 5 Cir. 1973, 487 F.2d 236.

Barcenas' appeal was separately heard by this Court, long after the disposition of the appeals of Suarez and Chiong, because Barcenas, through no fault of his, filed his appeal much later after obtaining the requisite permission.

Appellant's first contention is that he was denied a fair trial, because the government improperly introduced, as appellant views it, evidence of his prior conviction for another crime. Appellant's concept of the situation is not wholly accurate. The prime question is whether what did happen, as herein detailed, was plain error under F.R.Cr.P. 52(b).

A full review of the trial record reveals that there was ample, though not overwhelming, evidence to support Barcenas' conviction. Essentially, the government's case rested on the testimony of special agent Forteza of the Bureau

---

1. Cert. denied March 18, 1974; 415 U.S. 981, 94 S.Ct. 1572, 39 L.Ed.2d 878.

of Narcotics and Dangerous Drugs. Since Barcenas did not testify, his entire defense was based on the testimony of his co-defendant, Chambless, who, admitting his own guilt, absolved Barcenas as his innocent dinner guest. Hence, the pivotal issue was one of credibility between Forteza and Chambless.

In the exculpatory phase of his direct examination Chambless testified that: he had invited Barcenas to dinner two or three days before July 31; he had known Barcenas eight or ten years; Barcenas arrived at Chambless' home with Suarez, while Forteza was there; Chambless did not know Suarez, whom Barcenas brought along for the ride; Barcenas ate, while Suarez watched television; Barcenas was not in the bedroom during the drug sale by Chambless to Forteza; Barcenas had not given him any folder or the like with cocaine in it and, in this respect, Forteza was not telling the truth; Barcenas had nothing to do with the possession or the distribution of the cocaine.

In the prosecutrix' effort to undermine the credibility of Chambless, the following transpired in cross-examination:

"Q. You said that you had invited Barcenas for dinner?

A. Yes.

Q. And you had known him for—did you say eight or ten years?

A. Yes.

Q. Do you know where he was in 1965?"

To the last question, instead of responding "Yes" or "No", the witness replied:

"A. I think he was in jail.

Q. Do you know for what reason?

A. I don't know.

Q. Did you see him any time after 1965, up until this time when you invited him for dinner?

A. No.

Q. So you did not see Mr. Barcenas from 1965 until you invited him for dinner that night?

A. I had seen him a few days prior to that day. So, I invited him to come to my house because he had just returned from Los Angeles."

 Barcenas' appellate counsel, who did not represent him at the trial, argues, with unwarranted vigor, that the prosecutrix knew Barcenas was in jail in 1965 and that she "deliberately, with intent to prejudice" Barcenas, elicited that fact. Chambless' direct testimony that he knew Barcenas eight or ten years and the implication, that Barcenas was a close friend invited to dinner, entitled the prosecutrix, by proper questions, to elicit, if she could, information which would cast real doubt on the purported closeness of the relationship, by showing that Chambless had not, in fact, seen Barcenas during the period of more than seven years immediately preceding the alleged invitation to dinner. Contrary to the emphatic assertion of appellant's present counsel, the prosecutrix' awareness of Barcenas' earlier imprisonment may just as well have led her to conclude that, despite his testimony and its implication, Chambless had never seen Barcenas between 1965 and July, 1972 and, so, led to a permissible effort to establish that fact by cross-examination. Absent contrary evidence, the prosecutrix is presumed as innocent of intentional impropriety, as was Barcenas when charged with crime.

The prosecutrix' question was not improper. The non-responsive answer of Chambless, Barcenas' witness, created the problem. That answer was not an affirmative statement that Barcenas was in jail, but rather "I think he was in jail."

It is noteworthy that, to the end of that part of the interrogation, quoted *supra,* Barcenas' trial counsel interposed no objection, voiced no motion to strike, requested no cautionary instruction nor mistrial. Following Chambless' last quoted answer, the prosecutrix continued:

"Q. What was he doing in Los Angeles?"

At that juncture, appellant's trial counsel stated:

"Your Honor, I am going to object and if I may approach the Bench just briefly?"

The trial judge assented and the record then discloses an unreported Bench conference, outside the hearing of the jury and the court reporter. Apparently, whatever transpired there satisfied Barcenas' trial counsel and removed any concern he may have had, since proceedings were then resumed without objection, motion, request or statement by appellant's counsel, and a different and unobjectionable question was asked by the prosecutrix. Barcenas filed no motion for new trial. If the prejudice flowing from the occurrence was as grave as Barcenas' appellate counsel now asserts, he is, indeed, second-guessing Barcenas' trial counsel upon the type-written record long after the event.

■ This Court has heretofore stated: "An appellate court will not review actions of omission or commission by a trial court unless the defendant makes known to the court the action which he desires the court to take or his objection to the action taken by the court and the grounds therefor." United States v. Thomas, 5 Cir. 1970, 429 F. 2d 407, 408. Where the trial court has accorded all the relief requested or has had no request for relief, a reversal can only be based on appropriate application of the plain error rule.[2] We, therefore, must determine whether the trial judge's failure to order a mistrial *sua sponte*, as a consequence of Chambless' answer, was "plain error affecting substantial rights" of Barcenas.

■ In determining plain error: "Each case stands upon its own peculiar facts and circumstances as to whether a defendant has been afforded a fair trial. * * * Whenever this Court is of the opinion that a defendant has been denied a fair trial, it must set aside the

judgment of conviction." Benham v. United States, 5 Cir. 1954, 215 F.2d 472, 474; see, also Helms v. United States, 5 Cir. 1964, 340 F.2d 15, 19.

■ Generally, evidence of prior crimes is inadmissible for the purpose of showing either the defendant's criminal character or his propensity to commit crime, though such evidence is admissible, if relevant, for other purposes. United States v. Abshire, 5 Cir. 1972, 471 F.2d 116. In the case *sub judice* evidence that Barcenas had committed some earlier crime would have been inadmissible at the time of Chambless' answer. However, Chambless' non-responsive answer, "I think he was in jail" was not an affirmative statement that Barcenas had committed a crime, had been convicted of or charged with a crime or was in jail. While use of such words as "jail", "prison", "arrest" are, generally, to be avoided, where irrelevant, the mere utterance of the word does not, without regard to context or circumstance, constitute reversible error per se. One may be in jail as a convicted criminal, an accused awaiting trial, a material witness or even, in this day and age, in protective custody. One is not necessarily in jail because another "thinks" he is.

A careful review of many cases, including Odom v. United States, *supra*, (conviction reversed), Leonard v. United States, 5 Cir. 1967, 386 F.2d 423, (conviction affirmed), United States v. Johnson, 5 Cir. (decided February 7, 1974), 489 F.2d 139, (conviction affirmed), United States v. Harbolt, 5 Cir. (decided March 14, 1974), 491 F.2d 78, (conviction affirmed) impels the conclusion that the case *sub judice* falls between *Harbolt, supra,* and *Leonard, supra.*

■ We entertain no doubt that Barcenas suffered no prejudice and are satisfied, from the entire record, that he was afforded a fair trial, devoid of plain error. In reaching that conclusion we

2. See opinion of Bell, J., concurring specially, in Odom v. United States, 5 Cir. 1967, 377 F.2d 853, 860 for good analysis of procedure.

considered that: the prosecutrix' question was not so framed as to elicit the answer given; Chambless' non-responsive answer was not an affirmative statement that Barcenas was in jail; Barcenas' trial counsel quite apparently felt that no prejudice had occurred, but might occur if the Los Angeles question was pursued, as demonstrated by a complete omission to take any responsive action, except the Bench conference; the jury returned a verdict of guilty against Suarez, who, likewise, was involved by Forteza's testimony and absolved by Chambless' testimony, but against whom the evidence was not as strong and concerning whom no statement as "I think he was in jail" was made.

The second ground for reversal now pressed by appellant, but never raised in the court below, is that the verdict was indefinite and ambiguous, because the jury was not given a "verdict form" which provided for a finding on the lesser included offense of simple possession of cocaine under 21 U.S.C. § 844(a).

Upon request the trial judge charged the jury that, if the jury found that the defendants did possess the cocaine, but did not intend to distribute it, the jury, on Count 1, might find them guilty of the lesser included offense of simple possession. The jury's written verdict found Barcenas guilty on Count 1 and on Count 2 "as charged in the indictment". Its oral verdict was identical. The jury was polled and the verdict was again affirmed. No request for clarification of the verdict on Count 1 was made upon its rendition or when the jury was polled, nor was the question of ambiguity raised by motion for new trial or at the time of sentence.

■ Again, as in consideration of Barcenas' first contention and for the same reasons, we must apply the plain error rule.

Appellant cites Glenn v. United States, 1969, 137 U.S.App.D.C. 120, 420 F.2d 1323 as factually identical and, so, highly persuasive. To the contrary, we opine that that case is readily distinguishable. It involved a one-count indictment charging "housebreaking", an offense which included a lesser crime of "unlawful entry". The jury was instructed on the elements of both offenses and returned a one-word verdict of "guilty". In the case *sub judice* Barcenas was named in two counts, both of which related to the same cocaine on the same day and only the first of which included a lesser offense. The verdict on each count was not just "guilty", but "guilty as charged in the indictment". Count 1 specifically charged Barcenas with possession of the cocaine with intent to distribute and Count 2 with distribution.

The evidence against Barcenas, which the jury accepted, was that he participated in the distribution, by Chambless, of the same cocaine which Barcenas had brought and delivered to Chambless only a moment or so before Chambless sold it to special agent Forteza. The evidence on behalf of Barcenas, who did not testify, was that he did not possess or participate in the distribution of the cocaine, but was an innocent, unknowing bystander, who had just arrived at Chambless' home as an invited dinner guest.

■ Absent a determination to render an inconsistent and perverse verdict, it is impossible to perceive how this jury, under the evidence before it, could have adjudged Barcenas guilty of distribution and, simultaneously, have found that he possessed, without intent to distribute, the same cocaine, which he had just delivered to Chambless. The verdict on Count 1—"guilty as charged in the indictment"—was free from ambiguity and the omission to furnish a "verdict form" to provide for a possible finding on the lesser included offense was not plain error, since the finding of guilt of the greater offense eliminated any necessity for consideration of the lesser.

After full review we find no merit in appellant's final contention that the prosecutrix' closing argument was improper and prejudicial.

The judgments are affirmed.