**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ronald David VETETO, Randy Lee Wescott, Lyman Edwin Attaway, Defendants-Appellants.**

No. 80–7650.

United States Court of Appeals, Eleventh Circuit.

March 21, 1983.

Certiorari Denied June 27, 1983. See 103 S.Ct. 3548.

Dennis Craig O'Brien, Marietta, Ga. (Court Appointed), for Attaway.

Mary S. Donovan, Federal Public Defender, Atlanta, Ga., for Westcott.

Thomas M. West, Atlanta, Ga. (Court Appointed), for Veteto.

Julie E. Carnes, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before HILL and ANDERSON, Circuit Judges, and LYNNE *, District Judge.

JAMES C. HILL, Circuit Judge:

Defendants Ronald Veteto and Edwin Attaway were convicted by a jury of the December 21, 1978 robbery of the Roswell Bank in Roswell, Georgia in violation of 18 U.S.C. § 2113(a) and (d). The same jury

---

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

convicted these defendants and Randy Wescott of conspiring to rob the Roswell Bank. On appeal the defendants raise several issues including whether the trial judge erred in not severing the cases. Concluding that none of these arguments contain merit, we affirm.

Briefly stated, the record shows that prior to December 21, 1978, the defendants attended meetings with Sheila Perez in which they discussed their plans to rob the Roswell Bank. Wescott and Perez surveyed the bank in preparation for the robbery. On the day of the robbery, Wescott declined to participate while Perez, Attaway, and Veteto robbed the bank. He reasoned that the bank had not been adequately surveyed, that plans had changed concerning the meeting site after the robbery, and that they had not obtained a machine gun for protection in the event that they were confronted by police.

A few weeks after the robbery, Georgia state troopers stopped Veteto's car after observing that it was speeding. Upon learning that Veteto did not have a driver's license and had an outstanding federal warrant against him, the troopers arrested him. When asked if he wanted anything from his car, Veteto requested his jacket. Officer Cooper testified that when he went to retrieve the jacket he saw an open briefcase (satchel) containing a pistol and a bundle of currency with serial numbers matching the money taken from the Roswell Bank.

Jay Strongwater of the federal public defender's office was appointed to represent Veteto. Dissatisfied with Strongwater's representation in handling a suppression motion, Veteto proceeded *pro se* at trial with attorney Moses Hayes who was appointed as standby counsel. Wescott and Attaway were represented by counsel throughout the trial.

Wescott and Attaway contend that the district court erred in not severing their trial from that of Veteto. Clearly, the initial joinder was proper since Wescott, Attaway, and Veteto allegedly participated "in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed.R.Crim.P. 8(b). The question therefore becomes whether the trial judge abused his discretion in not finding that the joinder was prejudicial. Federal Rule of Criminal Procedure 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the courts may order an election or separate trials or counts, grant a severance of defendants or provide whatever other relief justice requires.

An appellate court will not disturb the district court's decision regarding severance absent a showing of an abuse of discretion; to show such an abuse, the defendants must affirmatively show that compelling prejudice resulted from the failure to sever. *United States v. Swanson,* 572 F.2d 523, 528 (5th Cir.), *cert. denied,* 439 U.S. 849, 99 S.Ct. 152, 58 L.Ed.2d 152 (1978); *United States v. McLaurin,* 557 F.2d 1064, 1074–75 (5th Cir.1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 743, 54 L.Ed.2d 767 (1978).

Wescott and Attaway contend that they have demonstrated compelling prejudice by noting Veteto's conduct of his *pro se* defense. They argue that Veteto's conduct was unseemly, confusing, and blurred the issues before the jury. In *United States v. Sacco,* 563 F.2d 552 (2d Cir.1977), *cert. denied,* 434 U.S. 1039, 98 S.Ct. 779, 54 L.Ed.2d 789 (1978), the Court of Appeals for the Second Circuit held that the trial court had not abused its discretion in denying a severance in a similar situation and "note[d] the steps taken ... to minimize the potential for prejudice to co-defendants ... and *suggest*[ed] additional precautions which might serve to prevent a *pro se* defendant from so prejudicing a jury as to require a severance." *Id.* at 556 (emphasis added). These recommended steps included appointing standby counsel, warning the *pro se* defendant that he will be held to the rules of law and evidence and that he should refrain from speaking in the first person in

his comments on the evidence, and instructing the jury prior to closing remarks, during summation, and in final instructions that nothing the lawyers said is evidence in the case. *Id.* at 556–57. The court also suggested that the district judge should make clear to the jury at the outset that anything the *pro se* defendant says in his "lawyer" role is not evidence and should instruct the *pro se* defendant beforehand that he should both avoid reference to co-defendants in any opening statement or summation without prior permission of the court and refrain from commenting on matters not in evidence or solely within his personal knowledge or belief. *Id.* at 557.

A trial involving a *pro se* defendant and co-defendants who are assisted by counsel is pregnant with the possibility of prejudice. Such a trial, however, is not prejudicial per se. On appeal, Wescott and Attaway must therefore show that the joinder resulted in compelling prejudice. Appellants contend that Judge Shoob's failure to take each of the steps suggested by the court in *Sacco* satisfies their burden. While we note with great approval the steps enumerated by the Court of Appeals for the Second Circuit, we hold that these steps are suggestions, not requirements, for preventing the possibility of prejudice from ripening into actuality. Judge Shoob appointed standby counsel and gave the necessary admonitions to the jury. He pointed out to the jury that Veteto was representing himself and instructed the jury both in his opening remarks and in final instructions that they were to disregard all remarks made by the lawyers and to decide the case solely on the evidence. A careful and thorough review of the record indicates that Veteto's *pro se* representation did not prejudice the other defendants' trial. We therefore hold that the trial judge acted within his discretion in denying a severance to Wescott and Attaway.

Veteto also claims that the trial judge erred in not granting his motion for a severance. At trial, Veteto unsuccessfully tried to call his co-defendants as witnesses. Their counsel indicated at that time that they might testify at a separate trial. Out of the jury's presence, Veteto submitted that Wescott would testify based on personal knowledge that the police had searched Veteto's car on the night of his arrest. Attaway would testify, Veteto claims, that a Joe Tucker, who knew Veteto, kept large amounts of cash in a black satchel similar to the one seized from Veteto's car. In a motion for a new trial, Veteto included affidavits from his co-defendants indicating that they would have testified at a severed trial. Veteto argues that the trial judge abused his discretion in not severing his trial since this testimony is clearly exculpatory.

Veteto must show that the trial judge's refusal to grant his severance motion created prejudice resulting in the denial of a fair trial. *United States v. Martinez,* 486 F.2d 15, 22 (5th Cir.1973). Veteto has failed to satisfy this burden. He has not demonstrated that the trial judge did not properly consider the exculpatory nature and the significance of this testimony in light of the potential prejudice if Veteto was tried without the opportunity to elicit this testimony. *Id.* We therefore hold that the district judge acted within his discretion in denying Veteto's motions to sever.

During the trial, the prosecutor asked one witness, Sheila Perez, why Wescott had wanted a machine gun. The witness answered: "He [Wescott] said that he had been in prison before . . . ." Wescott's counsel interrupted her answer and, at a sidebar conference, requested a mistrial on the ground that the witness' remarks had improperly injected Wescott's character into evidence. The court denied the motion, but twice offered to give a curative instruction. Wescott's counsel rejected the offers. On appeal, Wescott argues that this reference in Perez's testimony was so prejudicial that the failure to grant a mistrial constituted reversible error. *See Odom v. United States,* 377 F.2d 853 (5th Cir.1967), *cert. dismissed,* 400 U.S. 23, 91 S.Ct. 112, 27 L.Ed.2d 122 (1970). We disagree. "While use of such words as 'jail,' 'prison,' 'arrest' are, generally to be avoided, where irrele-

vant, the mere utterance of the word does not, without regard to context or circumstances, constitute reversible error per se." *United States v. Barcenas,* 498 F.2d 1110, 1113 (5th Cir.), *cert. denied,* 419 U.S. 1036, 95 S.Ct. 521, 42 L.Ed.2d 312 (1974). Perez' reference to a prison was volunteered and was not responsive to the prosecution's question. The remark added nothing to the government's case. We have reviewed the record and are satisfied that the prosecutor did not seek or expect the answer given. Nevertheless, had the witness' answer clearly prejudiced the rights of the defendant, the prosecutor's innocence in the matter would not insulate against reversal. *See United States v. Ailstock,* 546 F.2d 1285, 1290 (6th Cir.1976). We conclude that Wescott has failed to show that the remark so influenced the trial's outcome or affected his rights as to constitute plain error.

■ Alternatively, Wescott argues that the district court should have insisted on giving a curative instruction notwithstanding the defense's rejection of the offers. A defendant cannot argue on appeal that the trial court committed plain error by not giving a curative instruction when the defense insisted that it not be given. *United States v. Feroni,* 655 F.2d 707 (6th Cir.1981). A contrary conclusion "would permit a losing defendant to argue that a trial judge who recognized the prejudice and offered to cure it was wrong no matter what he did." *Id.* at 712.

■ Veteto raises several other issues, none of which warrant reversal. First, Veteto contends that Judge Shoob should have recused himself on the grounds of prejudice. This position clearly lacks merit. A motion for recusal may not generally be predicated upon the judge's rulings in the case, but must be based on a bias generated from a source outside the context of the judicial proceeding. *United States v. Phillips,* 664 F.2d 971, 1000–04 (5th Cir.1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982); *Davis v. Board of School Commissioners,* 517 F.2d 1044, 1050– 52 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).

■ Veteto also contends that Strongwater's representation at the suppression hearing denied him effective assistance of counsel. Veteto claims that Strongwater's failure to adduce two pieces of evidence at the suppression hearing demonstrates his counsel's ineffectiveness. First, Veteto alleges that Strongwater did not investigate an alleged inconsistency between an affidavit of one of the state troopers present at the arrest and Officer Cooper's testimony. Second, Veteto objects to Strongwater's failure to reenact his journey prior to the arrest. This reenactment, Veteto argues, would show that given the speed at which his car was traveling, the case containing the money and the gun could not have been standing erect when Veteto stopped the car. Veteto cannot raise the issue of ineffectiveness on direct appeal because there has been no opportunity to develop and include in the record evidence bearing on the merits of the allegation. *United States v. Rodriguez,* 582 F.2d 1015, 1016 (5th Cir.1978). We note, moreover, that the district judge considered these two factual disputes in overruling Veteto's objections to the magistrate's report and recommendation, thereby eliminating any possibility of prejudice.

■ Finally, Veteto argues that the district court erred in refusing to hold a *de novo* hearing on his suppression motion. Under 28 U.S.C. § 636(b)(1), the district court may refer pretrial motions to a magistrate who will then hold an evidentiary hearing and render proposed findings of fact and legal conclusions to the court. Although the act requires the district court to make a *de novo* determination of those parts of the magistrate's recommendations to which objection is made, it does not mandate a *de novo* hearing. *United States v. Raddatz,* 447 U.S. 667, 673–76, 100 S.Ct. 2406, 2411–12, 65 L.Ed.2d 424 (1980). If the district court concurs with the magistrate's recommendation, it need not hold another evidentiary hearing, even where the credibility of certain witnesses might be an important factor in making the determination. We therefore conclude that Judge Shoob acted within his discretion in refusing to

conduct a *de novo* hearing on Veteto's suppression motion.

In view of our disposition of these issues, the appellants' convictions are

AFFIRMED.