

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-27-2002

# USA v. Faulk

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4126

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Faulk" (2002). *2002 Decisions.* Paper 783.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/783

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4126

UNITED STATES OF AMERICA

v.

JAMES FAULK,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 99-cr-00762)
District Judge: Honorable Anita B. Brody

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2002

Before: BARRY, AMBRO and GARTH, Circuit Judges

(Opinion filed: November 27, 2002 )

OPINION

AMBRO, Circuit Judge

Apellant James Faulk was tried and convicted by a jury in the Eastern District of Pennsylvania

of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). He was sentenced to

210 months imprisonment, five years of supervised release, and a $1000 fine. Faulk appeals his conviction and sentence. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm.

Faulk raises four arguments on appeal: 1) the prosecutor improperly cross-examined a defense witness about a prior conviction; 2) the prosecutor improperly advised the jury that the defendant was incarcerated; 3) 18 U.S.C. § 922(g)(1) is an unconstitutional exercise of Congress's Commerce Clause powers; and 4) the District Court erroneously instructed the jury on the Commerce Clause element of 18 U.S.C. § 922(g). We will discuss each argument in turn.

I.

A prosecutor may use evidence of a prior conviction to attack the credibility of a witness. See Fed. R. Evid. 609(a). Because of the potentially prejudicial effect of this information, however, the Government generally may not elicit the specific circumstances and details of the conviction. See United States v. Swanson, 9 F.3d 1354, 1357 (8th Cir. 1993); United States v. Roenigk, 810 F.2d 809, 814-15 (10th Cir. 1987). Accordingly, permissible questioning typically is limited to the number of convictions, and the nature, time, and date of each. See McComick on Evidence § 42 at 167 (John W. Strong ed., 5th ed. 1999)

Faulk argues that the prosecutor improperly elicited details of a defense witness's past conviction. During the Government's case-in-chief, two Philadelphia police officers testified that on September 25, 1999, they responded to a radio call of drug sales at a particular intersection but, upon arrival, found no one there. The officers left, but came back a half-hour later and saw Faulk and another male. They pulled up to speak with Faulk, who began to walk away. One officer stepped out

2

of the patrol car and called out to Faulk, who ran into a park. Both officers pursued Faulk on foot and saw him toss a handgun into a trash can as he ran past. The officers apprehended Faulk and found in his pocket a loaded magazine that fit the gun they retrieved from the trash can.

In his defense at trial, Faulk called a friend, Mikhail Elam, to testify that he witnessed the officers' chase of the defendant and did not see Faulk throw anything. On direct examination, Faulk's counsel asked Elam if he had ever been convicted of any crime. Elam answered that he had – for possession of crack cocaine. On cross-examination, the prosecutor asked:

> Q: You have a prior conviction, right?
> A: Yes.
> Q: And, that's for dealing crack cocaine?
> A: No, that –
>     MR. YERMISH [Defense counsel]: Objection, Your Honor. It's not the testimony, it's for possession.
>     THE COURT: All right.
>     MR. RESNICOFF [Prosecutor]: I stand corrected then.
> Q: Let me ask you. What's your conviction for?
> A: Possession.
> Q: Possession of crack?
> A: Not selling crack.
> Q: Not selling it. How much crack did you have?
> A: I think it was seven grams.
> Q: Seven grams of crack?
> A: Yeah.
> Q: Seven grams of crack?
> A: Yes.
> Q: Okay. And, that was all for personal use?
> A: I'd rather not say.
> Q: I'm sorry, but you're going to – you're compelled to say.
>     MR. YERMISH: Your Honor, –
>     THE COURT: Objection sustained. You don't have to – why it is that you – anything you say could be used against you and you have a right to refuse to answer.
> Q: Are you exercising your Fifth Amendment right not to testify right now?
> A: I'm not sure what you said.
>     THE COURT: Oh, come on.

MR. YERMISH: Your Honor, –
THE COURT: Let's go to sidebar.

App. at 175-76. At sidebar, defense counsel argued that, under Federal Rule of Evidence 609(a), only the fact that the witness had been convicted was admissible. The prosecutor argued that if Elam's prior conviction was for possession of crack cocaine, and it was for personal use, this line of questioning was appropriate to determine the witness's ability to perceive the events of the night in question. The Court instructed that the prosecutor may ask Elam only if he was under the influence of drugs that evening. After questioning continued, the prosecutor inquired:

Q: Okay. Was that the first time that – and the only time that you have been convicted
of –
A: Yes.
Q: – possessing drugs?
A: Yes, –
Q: Was that the first time –
A: – convicted of anything.
Q: – you ever possessed crack cocaine?
    MR. YERMISH: Objection, Your Honor.
    THE COURT: Sustained.
Q: On the night in question, September 25, 1999, had you used crack cocaine?
A: No.
Q: You had never used it before?
    MR. YERMISH: Objection, Your Honor.
    THE COURT: He didn't say that. On that night was the question. And, the
question (sic) was he said no, he had not used it that night.

App. at 179. The prosecutor proceeded to a different subject, and did not refer to the witness's drug use in closing argument. Thus, the Government contends this is a simple evidentiary issue.

We review for abuse of discretion a district court's decision to admit evidence under Rule 609(a). See United States v. Johnson, 302 F.3d 139, 152 (3d Cir. 2002) (citing United States v. Jacobs, 44 F.3d 1219, 1224-25 (3d Cir. 1995)). Faulk, however, does not directly challenge the

4

admissibility of Elam's prior conviction.  Rather, he argues that the prosecutor's remarks while questioning Elam about his prior conviction constituted prejudicial misconduct.  If so, our standard of review remains the same; we review for abuse of discretion a district court's decision not to grant a mistrial on the grounds that the prosecutor made improper remarks.  See United States v. Molina-Guevara, 96 F.3d 698, 703 (3d Cir. 1996).  And if error is found, we apply harmless error analysis. See id.

Faulk cannot demonstrate that his trial was prejudiced by the prosecutor's questioning of Elam. The record does reflect that the prosecutor sought to inquire about more than the basic facts of Elam's prior conviction.[1]  Most difficult for Faulk is that his counsel objected four times to the prosecutor's questions, and each time the District Court ruled in the defendant's favor and limited the scope of the prosecutor's inquiry.  The only arguably improper detail of Elam's conviction elicited by the prosecutor was the amount of crack cocaine he was convicted of possessing (seven grams).  This isolated reference is not enough for us to find that the District Court abused its discretion in addressing the prosecutor's remarks, especially when all the defendant's objections were sustained.

## II.

Faulk's next argument also involves the prosecutor's cross-examination of Elam.  More specifically, while questioning Elam the prosecutor disclosed to the jury that Faulk was incarcerated. This may, in certain circumstances, violate a defendant's due process right to a fair trial.  For example,

---

[1]The Government argues on appeal that the District Court should not have limited its questioning of Elam's drug use to only whether the witness was under the influence of drugs the night of Faulk's arrest.  We decline to address this issue as it is not necessary to resolve Faulk's appeal.

in <u>Estelle v. Williams</u>, 425 U.S. 501, 512-13 (1976), the Supreme Court held that a defendant's

Fourteenth Amendment rights are violated if compelled to stand trial before a jury while dressed in

identifiable prison clothes. <u>See also</u> <u>Gaito v. Brierly</u>, 485 F.2d 86, 88-89 (3d Cir. 1973). The

Supreme Court emphasized that "the constant reminder" to the jury over the course of a trial that the

defendant is a prisoner may impair the presumption of innocence. <u>Estelle</u>, 425 U.S. at 504.

Here, the prosecutor, while cross-examining Elam, made five references, in very short order, to

Faulk's incarceration. The prosecutor asked:

> Q: When's the last time you talked to the defendant?
> A: Last time I talked to him. I'm not sure.
> Q: You don't remember the last time you talked to him?
> A: I guess – I'm not sure what the last time I talked to him.
> Q: But, you've talked to him while he's been incarcerated, right?
> A: I –
> Q: While he's been in prison?
> A: No.
> Q: He's never called you from prison?
> A: No.
> Q: You've never talked to him on the phone from prison?
> A: No.
> Q: Did you ever visit him in prison?
> A: No.

App. at 180-81. Because Faulk's counsel did not object to these statements at trial, we review them

for plain error.

> Under that standard, "before an appellate court can correct an error not raised at trial,
> there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three
> conditions are met, an appellate court may then exercise its discretion to notice a forfeited
> error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation
> of judicial proceedings."

<u>United States v. Vasquez</u>, 271 F.3d 93, 99 (3d Cir. 2001) (en banc) (quoting <u>Johnson v. United</u>

6

<u>States</u>, 520 U.S. 461, 465-66 (1997)).

The Government concedes that the prosecutor's references to Faulk's imprisonment were ill-advised, but counters that they were not plain error. We agree. As an initial matter, the Government offers a benign explanation for its actions. Faulk did not disclose Mikhail Elam as a witness before trial, and the Government had taped prison phone conversations between Faulk and a man named Mark Elam discussing his potential testimony about Faulk's flight and arrest. At trial, the prosecutor first asked Elam whether he used any other names. He replied that he was also known as Mickey, but not Mark. It was reasonable for the prosecutor to attempt to determine if Mikhail Elam was also the Mark Elam on the prison tape recordings, but the Government could and should have done so without mentioning that Faulk was incarcerated.

Ultimately, however, we find that the prosecutor's brief (albeit repeated) mention of Faulk's imprisonment in a single short series of questions did not serve as a "constant reminder" to the jury of the defendant's condition so as to impair the presumption of his innocence. Other courts have noted that "the mere utterance of the word [jail, prison, or arrest] does not, without regard to context or circumstances, constitute reversible error <u>per se</u>." <u>United States v. Villabona-Garnica</u>, 63 F.3d 1051, 1058 (11th Cir. 1995) (quoting <u>United States v. Barcenas</u>, 498 F.2d 1110, 1113 (5th Cir.), <u>cert. denied</u>, 419 U.S. 1036 (1974), <u>cert. denied</u>, 463 U.S. 1212 (1983), and <u>cert. denied</u>, 464 U.S. 839 (1983)). The physical and testimonial evidence of Faulk's guilt was strong. The prosecutor's statements on this point were improper, but did not rise to the level of a plain error that seriously affected the fairness of Faulk's trial.

III.

7

Faulk's final two arguments implicate Congress's Commerce Clause powers.  He contends that 18 U.S.C. § 922(g) is unconstitutional because the conduct it proscribes, the purely intrastate possession of a firearm by a felon, does not have a substantial effect upon interstate commerce, and that the District Court's jury instruction on this element of the offense was erroneous.  He also acknowledges that both challenges are foreclosed by our decision in United States v. Singletary, 268 F.3d 196 (3d Cir. 2001), but he raises these issues to preserve the claims for review in the event of a subsequent change in the law.

IV.

In conclusion, the prosecutor's questioning of Faulk's defense witness did not constitute reversible error.  Accordingly, we affirm the judgment of the District Court.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Thomas L. Ambro
Circuit Judge