**F I L E D**

**UNITED STATES COURT OF APPEALS**

**November 13, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ADAM ANTHONY GUTIERREZ,

    Defendant - Appellant.

No. 05-2335
(D. New Mexico)
(D.Ct. No. CR-04-1516 RB)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Adam Gutierrez appeals from his convictions for possession with intent to distribute methamphetamine, cocaine and heroin in violation of 21 U.S.C.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 841(a)(1) and (b)(1)(C). He was sentenced to 240 months imprisonment on each count, with the sentences to be served concurrently. On appeal, Gutierrez contends a single reference by one witness to having met him "in jail" constitutes plain error necessitating reversal of his conviction. We disagree and affirm.

On the morning of August 4, 2002, Officer David Hathcox of the Hobbs, New Mexico, police department saw Gutierrez get in the back seat of a gray cab carrying a small black plastic bag. A warrant check informed Hathcox there was an active warrant for Gutierrez's arrest. By that time, Hathcox had lost sight of the cab so he radioed an alert to local police units. A short time later, Officers Brandon Walker and Kyle Wilkison stopped the cab. Hathcox arrived immediately thereafter. Gutierrez was arrested; $2,691.71 in cash was found on his person.

Hathcox searched the cab but did not find the black plastic bag he had seen Gutierrez carrying. Gutierrez was taken to jail, where he made a series of phone calls, one of which was to a friend, Sarah Cortez. Gutierrez asked Cortez to go to the cab company to pay his fare because he had just been arrested (although in fact he paid the fare prior to being arrested). When Cortez asked why she should do so, Gutierrez said "Usa tu cabeza," which translates to "use your head." (R. Vol. V at 110-11.) Cortez did not go to the cab company.

Later that morning, Luis Almaguer went to his sister's house to talk with Julie Martinez, Sarah Cortez's daughter. He, Martinez and a man named Felipe

then drove to the cab company to look for some car keys lost in one of the cabs. Despite a search that practically tore the cab apart — in fact, the owner took the rear seat out of the cab to facilitate the search — they did not find any car keys. Unbeknownst to the three individuals, they were searching the wrong cab; the gray cab in which Gutierrez had ridden was still in service. The gray cab returned around 1:00 p.m. Kenneth Sanders, the driver, was asked to search the cab for the lost keys. When Sanders looked underneath the front passenger side seat, he found a black bag tucked up inside the springs. The bag was found directly in front of where Gutierrez had been sitting. Sanders took the bag to another employee, who opened it and, seeing what he thought might be contraband inside the bag, called the police. Officers arrived and took custody of the bag. The drugs were later identified as 14.68 grams of methamphetamine, 23.27 grams of cocaine and 26.39 grams of heroin. A small digital scale was also found inside the bag.

Gutierrez was indicted on August 5, 2004, with three counts of possession with intent to distribute controlled substances. He proceeded to trial on May 18, 2005. On the second day of the trial, Almaguer was the final witness for the prosecution. Almaguer was a convicted felon, then incarcerated on two state misdemeanor charges, and was testifying in exchange for the government's agreement to write a letter to state officials on his behalf. Almaguer testified about going to his sister's house on the morning of August 4, 2002, to talk with

Martinez. He testified he rode to the cab company with Martinez and Felipe and was promised $20 or drugs if he would look for some car keys.

After Almaguer testified about the search of the cab, the prosecutor asked whether he knew Gutierrez:

> Q. Have you ever met Adam Gutierrez?
> A. Yes.
> Q. You have met him?
> A. Yes.
> Q. Had you met him - - did you know him on that day? Did you know who he was on that day, actually met him on that day or before?
> A. I met him before.
> Q. Oh, so you do know who he is?
> A. I met him before in jail.
> Q. Do you have any animosity toward him?
> A. No.
> Q. Anger? Nothing?
> A. I really don't know him like that. I just seen his face; know his name.

(R. Vol. IV at 198-99.)

The defense did not object during this colloquy. On appeal, however, Gutierrez contends this single statement, "I met him before in jail," so prejudiced him that it necessitates reversal of his conviction.

We review an issue raised for the first time on appeal for plain error. FED. R. CRIM. P. 52(b). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta,* 403 F.3d 727, 732 (10th Cir.), *cert. denied*, 126 S.Ct. 495

-4-

(2005). Assuming any error was plain, we conclude Gutierrez has not established such error affected his substantial rights, nor has he met the fourth prong of the test, demonstrating that any error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.*

In *United States v. Corchado*, we examined whether the prosecutor's cross-examination of the defendant concerning his prior criminal convictions constituted plain error. 427 F.3d 815 (10th Cir. 2005), *cert. denied*, 126 S.Ct. 1811 (2006). We noted the burden on the defendant to demonstrate the error "'affected the outcome of the district court proceedings.'" *Id.* at 818 (quoting *Gonzalez-Huerta*, 403 F.3d at 732). "To meet this burden, [a defendant] must show 'a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74 (2004)). We concluded, in light of the evidence presented at trial, the defendant had not shown a "reasonable probability" the outcome of his trial would have been different had evidence of his prior convictions not been elicited. *Id.* at 819; *see also United States v. Veteto*, 701 F.2d 136, 139 (11th Cir. 1983) ("While use of such words as 'jail,' 'prison,' 'arrest' are, generally to be avoided, where irrelevant, the mere utterance of the word does not, without regard to context or circumstances, constitute reversible error per se.")

While Gutierrez argues strenuously about all the dire consequences that

could have flowed from this single statement consisting of only six words, his argument falls far short of demonstrating a "reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *Corchado*, 427 F.3d at 818. The evidence against Gutierrez was overwhelming, and a single misstatement in the course of a two-day trial could not have swayed the jury. *See United States v. Walton*, 552 F.2d 1354, 1366 (10th Cir. 1977) (In view of strong evidence of guilt in the record, the mere reference to jail "could not have had any appreciable effect on the action of the jury and did not affect any substantial right of the accused").

Nor does Gutierrez persuade us a miscarriage of justice will occur if we decline to recognize any error that occurred. Gutierrez has not demonstrated the error "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Gonzalez-Huerta,* 403 F.3d at 732. Gutierrez has not satisfied the plain error test. AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

-6-