# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 21–128 (RC) |
| | : | | |
| v. | : | Re Document No.: | 122 |
| | : | | |
| William Pope and Michael Pope, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION & ORDER

### GRANTING MICHAEL POPE'S MOTION TO SEVER

## I. INTRODUCTION

Brothers Michael Pope and William Pope have been charged by the Government with violating 18 U.S. Code §§ 231, 1512(c)(2), and 1752(a), as well as 40 U.S.C. §§ 5104(e)(2)(D), 5104(e)(2)(E), and 5104(e)(2)(G). Before the Court is Michael Pope's Motion for a Severance from Defendant William Pope (ECF No. 122) ("Severance Mot."). The Government has filed a response (ECF No. 125) ("Severance Opp.") to which Michael Pope has filed a Reply (ECF No. 129). For the reasons explained below, Michael Pope's Severance Motion is granted.

## II. BACKGROUND

William Pope and Michael Pope are alleged to have taken part in the riot at the United States Capitol on January 6, 2021. As relevant here, Defendant Michael Pope is represented by counsel, has indicated an intention to waive his right to a jury trial and request a bench trial on the charges against him, and intends to stipulate to many of the Government's allegations against him. By contrast, Defendant William Pope has chosen to proceed pro se, has indicated no intention to waive his right to a jury trial, has sought extensive discovery, and appears inclined to present a wide-ranging defense.

## III. ANALYSIS

Federal Rule of Criminal Procedure 14 affords this Court "significant flexibility to determine how to remedy any potential risk of prejudice posed by the joinder of multiple defendants in a single trial." *United States v. Tucker*, 12 F.4th 804, 825 (D.C. Cir. 2021) (quotation marks and citation omitted). Severance is appropriate where there is "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Here, the Court determines that a joint trial is likely to pose a serious risk of compromising Michael Pope's trial rights. As the D.C. Circuit has emphasized, "[a] trial involving a pro se defendant and [a] co-defendant[] who [is] assisted by counsel is pregnant with the possibility of prejudice." *Tucker*, 12 F.4th at 816 (quoting *United States v. Veteto*, 701 F.2d 136, 139 (11th Cir. 1983)). For instance, William Pope's lack of legal and trial experience may cause him to take actions that could confuse the issues before the jury or have spillover effects with respect to Defendant Michael Pope. Accordingly, there is a risk that a joint trial would present a high risk of prejudice or mistrial.

Moreover, given that Michael Pope intends to waive his right to a jury trial and stipulate to many of the Government's allegations, a joint trial with William Pope is likely to unnecessarily extend the length of time before Michael Pope is able to proceed to trial. As he must conduct his own review of the materials the Government has produced in discovery, it is likely that co-defendant William Pope will need significant time before he is prepared for trial.[1]

---

[1] The Court observes that Defendant William Pope has sought extensive discovery material from the Government. *See e.g.*, ECF Nos. 67, 127, 139.

By contrast, Michael Pope "seeks a bench trial in the next several months on a narrow set of issues." Severance Mot. at 4. Accordingly, a joint trial may eventually cause an infringement of Michael Pope's right to a speedy trial if he must wait until his co-defendant is prepared for trial. At a joint trial, William Pope—as a pro se defendant—may also need instruction from the Court or stand by counsel on the rules of criminal procedure and evidence, which may further delay the trial.

Although there would be efficiencies in a joint trial, those efficiencies are not so great as to justify denying Michael Pope's motion. As stated above, Michael Pope has indicated that he intends to stipulate to many of the Government's allegations, decreasing the need for duplicative testimony. Furthermore, it is likely that a great deal of the evidence against Michael Pope will take the form of video and photographic evidence, requiring minimal resources to present. *See* Severance Opp. at 8. Accordingly, the extra effort involved in a separate trial is likely to be relatively minimal. The efficiencies that would result from the joint trial of Michael and William Pope are outweighed by the potential prejudice to Michael Pope from a joint trial.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Michael Pope's Motion for a Severance from Defendant William Pope (ECF No. 122) is **GRANTED**.

**SO ORDERED**.

Dated: September 26, 2023

RUDOLPH CONTRERAS
United States District Judge