# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2023

Lyle W. Cayce
Clerk

No. 22-50944
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Gilberto Lopez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-1567-1

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

A jury convicted Gilberto Lopez of conspiracy to import 500 grams or more of a mixture or substance containing methamphetamine, importation of 500 grams or more of a mixture or substance containing methamphetamine, conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, and possession with intent to

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

distribute 500 grams or more of a mixture or substance containing methamphetamine. As to each count, the district court sentenced him within the advisory guidelines range to concurrent prison terms of 262 months. He appeals his conviction and sentence.

Lopez argues that the district court improperly refused to provide an interpreter at trial. He asserts that English is not his preferred language and maintains that the district court should have inquired more extensively into whether he understood English. Lopez alleges that his ability to comprehend English was particularly critical because he represented himself at trial. The decision to deny an interpreter is reviewed for an abuse of discretion. *United States v. Ball*, 988 F.2d 7, 9 (5th Cir. 1993).

The district court properly concluded that Lopez—who, inter alia, was raised in the United States and attended high school and some college in the United States—sufficiently understood English and that no language barrier inhibited him from comprehending the proceedings or from communicating with the court. *See United States v. Perez*, 918 F.2d 488, 490 (5th Cir. 1990); 28 U.S.C. § 1827(d)(1)(A). The decision of the district court properly relied on Lopez's appearances and filings in the case, which established that Lopez could ably express himself in English and confirmed that no interpreter was needed because his proficiency in English allowed him to participate in and understand the proceedings. *See United States v. Osoria*, No. 92-3747, 1993 WL 309725, 1-2 (5th Cir. May 10, 1993) (unpublished but precedential; 5TH CIR. R. 47.5.3); *Perez*, 918 F.2d at 490-91; 28 U.S.C. § 1827(d)(1)(A). Lopez points to no record evidence to support that a translator was required at trial, and his failure to object at trial to the lack of an interpreter weighs heavily against his claim. *United States v. Paz*, 981 F.2d 199, 201 n.2 (5th Cir. 1992). He opted to represent himself with an understanding of his language skills and cannot complain about the

effectiveness of his own representation. *See McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984).

Further, Lopez alleges that the prosecutor engaged in misconduct. He contends that the prosecutor noted during voir dire that Lopez was detained pending trial. Also, he asserts that the prosecutor adduced testimony that he waived a preliminary hearing. We review these unpreserved claims for plain error only. *See United States v. Bolton*, 908 F.3d 75, 93 (5th Cir. 2018).

Lopez has not shown that either the reference to his pretrial detention or the discussion as to the waiver of a preliminary hearing cast serious doubt on the correctness of the verdict or affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Mares*, 402 F.3d 511, 516 (5th Cir. 2005). The reference and discussion were limited, did not necessarily connote his guilt, were not invoked as a basis for a finding of guilt, and were insignificant in the context of the trial as a whole. *See United States v. Barcenas*, 498 F.2d 1110, 1113 (5th Cir. 1974); *United States v. Kidd*, 446 F.2d 1385, 1387 (5th Cir. 1970); *Leonard v. United States*, 386 F.2d 423, 425 (5th Cir. 1967). The incidents did not present the same visible and continuing risk of prejudice as shackles, prison garb, or external signs of incarceration. *See Estelle v. Williams*, 425 U.S. 501 (1976). Further, the district court issued instructions to the jury to diminish or eliminate any resulting prejudice, *see Zafiro v. United States*, 506 U.S. 534, 540 (1993), and the record reflects that the incidents were inconsequential to the jury's verdict because the evidence was easily sufficient to support a conviction, *see Mares*, 402 F.3d at 515, 516.

Moreover, Lopez argues that his right to a fair trial was denied based on a number of errors that cumulatively deprived him of due process. Lopez offers only a cursory discussion of the alleged errors and does not explain how the errors—which are distinct and unrelated—were sufficiently synergistic or repetitive such that he was denied the right to a fair trial. *See United States*

*v. Delgado*, 672 F.3d 320, 344 (5th Cir. 2012) (en banc). He has not shown that this is a rare case in which the errors violated the trial's fundamental fairness. *See id.* Also, as noted, the evidence of his guilt was not insignificant. Thus, Lopez has not shown that he would have had a "very different trial" if none of the alleged errors occurred. *United States v. Moparty*, 11 F.4th 280, 299 (5th Cir. 2021).

Lopez next argues that the district court erred in permitting him to proceed pro se. He contends that he did not unequivocally waive his right to counsel. He asserts that his waiver was conditioned upon the ability to prepare for trial by reviewing discovery in the law library and alleges that this condition was not met. We review challenges to the validity of a waiver of counsel de novo. *United States v. Mesquiti*, 854 F.3d 267, 271 (5th Cir. 2017).

The record establishes that Lopez, despite being clearly informed that his decision to proceed pro se would affect his ability to prepare and did not guarantee sufficient law library access, persisted in his desire to proceed pro se. His supposed conditioning his request upon the satisfaction of a condition does not appear to have turned his waiver into an equivocal one. Despite his issues with the law library, he at no time disclaimed his desire to proceed pro se and asserted on the day of trial that he was prepared to proceed. Also, any attempt by Lopez to condition his waiver on access to the law library would have been misguided because he had no right to access a law library to prepare a pro se defense. *See Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005); *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996). The record otherwise indicates that the district court—with cooperation from the Government and from jail representatives—sought to ensure that the purported condition was satisfied and that he was able to review the necessary discovery. Notably, he does not detail any shortcomings in his access to the materials that he needed for trial, discuss how any deficiencies affected his ability to prepare for trial, or explain how any inadequacy caused his waiver of counsel to be ineffective.

Finally, Lopez maintains that the jury instructions did not require a finding that he knew that the conspiracy offenses involved the 500 grams of methamphetamine needed to subject him to a mandatory minimum sentence of 10 years in prison. Because he failed to preserve this claim, our review is for plain error. *See United States v. Benitez*, 809 F.3d 243, 250 (5th Cir. 2015); *United States v. Creech*, 408 F.3d 264, 267-68 (5th Cir. 2005).

The record reflects that the jury necessarily concluded that Lopez was liable for more than 500 grams of methamphetamine under the conspiracy charges because that is the quantity with which he personally was involved. *See Haines*, 803 F.3d at 742. There was no likelihood that the jury based its quantity determinations on the conduct of others not reasonably foreseeable to Lopez because the only drugs at issue in this case were the more than 500 grams of methamphetamine recovered from a car that Lopez sought to drive across the border. The jury found as part of the substantive offenses that he was individually responsible for 500 grams or more of methamphetamine and thus necessarily found that his role in the conspiracies, which he does not dispute that he entered, involved that amount. Also, he was sentenced well above the mandatory minimum sentence and there is no indication that the selection of sentence was affected by the mandatory minimum sentence. He thus has failed to demonstrate reversible plain error. *See Puckett*, 556 U.S. at 135; *Benitez*, 809 F.3d at 250.

The judgment of the district court is AFFIRMED.